37 F.3d 1354
 30 Fed.R.Serv.3d 795, Bankr. L. Rep. P 76,173
 In re Salvatore James MARINO; Dolores Carmen Marino, Debtors.
CLASSIC AUTO REFINISHING, INC., Appellant-Cross-Appellee,
v.
Salvatore James MARINO, Appellee-Cross-Appellant.
 Nos. 92-56202, 92-56303.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 2, 1994.
Decided Sept. 29, 1994.
 
 Lary Alan Rappaport, McCambridge, Deixler, Marmaro & Goldberg, Los Angeles, CA, for appellant-cross-appellee.
 Nicholas A. Franke, Los Angeles, CA, for appellee-cross-appellant.
 Appeals from the Ninth Circuit Bankruptcy Appellate Panel.
 Before: D.W. NELSON, REINHARDT, and BRUNETTI, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 Classic Auto Refinishing (Classic Auto) seeks review of an opinion of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's dismissal of Classic Auto's complaint against debtors Salvatore James Marino and Dolores Carmen Marino, 143 B.R. 728. The Marinos cross appeal, arguing that the bankruptcy court should have awarded them sanctions under Bankruptcy Rule 9011. We affirm.
 
 I.
 
 2
 Classic Auto operated a business on the premises of an automobile dealership owned and operated by Salvatore James Marino and Jim Marino Imports (JMI). Classic Auto won a judgment of $741,000 against Marino and JMI in California state court based on fraud and breach of contract. By the time the state court entered the judgment, it was Classic Auto's only asset.
 
 
 3
 In April and May 1991, Classic Auto and Marino engaged in settlement discussions during which Classic Auto repeatedly pointed out that Marino's threats of bankruptcy were not persuasive because the judgment was not dischargeable since it was based on fraud.
 
 
 4
 On May 21, 1991, Marino filed a petition under Chapter 11 of the Bankruptcy Code. Classic Auto and its owner did not have funds with which to hire bankruptcy counsel. Classic Auto's litigation counsel does not practice bankruptcy law, but agreed to "provide what assistance they could." On or about May 31, 1991, the Clerk mailed to Classic Auto's counsel an order for meeting of creditors, which included a statement that the bar date for filing dischargeability complaints under Bankruptcy Code Sec. 523(c) was September 10, 1991. An attorney at the firm acknowledged that he received the order but did not realize that the document contained the bar date or that a complaint to determine dischargeability was necessary.
 
 
 5
 On July 3, 1991, Classic Auto filed an Opposition to Sale, a declaration by an attorney at the firm, and copies of its state court complaint and other documents related to the California action. During that month, Classic Auto's attorney learned that Classic Auto was required to file a complaint in order to seek a determination of nondischargeability, but believed that the bar date for such a complaint was the same as the bar date for filing proof of claims. He informed Marino's counsel that Classic Auto intended to file a complaint to determine the nondischargeability of the state court judgment. On September 19, 1991, Classic Auto's attorney learned that the relevant bar date was September 10, 1991. The following day, he filed a dischargeability complaint on behalf of Classic Auto based on 11 U.S.C. Sec. 523(a)(2) and (6).
 
 
 6
 Counsel for Marino advised Classic Auto's counsel that the complaint was untimely and should be dismissed. Classic Auto did not dismiss the complaint, and Marino filed an answer on October 25, 1991 that included an affirmative defense stating that the complaint was not timely under 11 U.S.C. Sec. 523(c) and Bankruptcy Rule 4007(c). On November 14, 1991, Marino filed a motion to dismiss the complaint, in which he requested sanctions under Bankruptcy Rule 9011.
 
 
 7
 The bankruptcy court granted the motion to dismiss, holding that the doctrines of substantial compliance and relation back did not render the complaint timely. It also concluded that it did not have discretion under Rule 4007(c) to exercise its equitable powers and allow the complaint to be filed after the bar date. The court denied Marino's request for sanctions. The BAP affirmed. Classic Auto appeals the dismissal and Marino appeals the denial of sanctions.
 
 II.
 
 8
 Classic Auto argues that its complaint should be considered timely based on the doctrines of substantial compliance and relation back of amended pleadings. It characterizes its Opposition to Sale filed on July 3, 1991 as a "procedurally defective" complaint, and contends that the Opposition, combined with oral and written communications to Marino asserting that the judgment was not dischargeable, provided sufficient notice of the nature of and basis for Classic Auto's claim. It concludes that the complaint filed on September 20, 1991 should relate back to the date the Opposition was filed.
 
 
 9
 An examination of Classic Auto's Opposition to Sale and the documents filed with it in light of the rules governing pleadings leads us to conclude that the documents do not substantially comply with the requirements of a complaint. Consequently, the relation back doctrine cannot be used to render the complaint filed on September 20, 1991 timely.
 
 
 10
 Federal Rules of Civil Procedure 3, 7, 8, 9, 10 and 15, addressing pleading requirements and effect, apply to adversary proceedings in bankruptcy with minor alterations. See 11 U.S.C. Rules 7003, 7007, 7008, 7009, 7010 and 7015.
 
 
 11
 Rule 3 provides that an action is commenced by the filing of a complaint with the court. In order to preserve its claim, Classic Auto was required to commence an action by filing a complaint with the court before the September 10, 1991 bar date. Moreover, the complaint filed on September 20, 1991 can only relate back to the original filing date of a pleading. Fed.R.Civ.P. 15. Of the types of pleadings allowable under Rule 7(a),[1] the only one applicable in this case is a complaint. Thus Classic Auto's Opposition must satisfy the requirements of a complaint.
 
 
 12
 Rule 8(a) requires a pleading that states a claim for relief to include a demand for judgment for the relief the pleader seeks. Classic Auto points to no language in the Opposition or documents filed with it that demands a judgment of nondischargeability as required by Rule 8(a). Moreover, the Opposition is not captioned as a pleading and does not include the correct file number as required by Rules 7(a) and 10(a). Nor do the documents satisfy the additional requirement of Bankruptcy Rule 7008(a) that in an adversary proceeding before a bankruptcy judge, a complaint shall contain a statement that the proceeding is core or non-core.
 
 
 13
 Classic Auto suggests that in addition to the documents filed on July 3, 1991, the court should consider as part of its effort to substantially comply with the pleading requirements its warnings to Marino that it would seek a dischargeability determination. Yet it has cited no case for the proposition that oral and written communications between the parties can supplement documents filed in court as a part of a pleading.
 
 
 14
 Some bankruptcy courts have found that documents not styled as pleadings can satisfy the definition of a complaint. In Pfeiffer v. Rand (In re Rand), 144 B.R. 253 (Bankr.S.D.N.Y.1992), the court determined that a letter objecting to dischargeability filed by a pro se plaintiff could be deemed a complaint. It held:
 
 
 15
 Pfeiffer's January 3rd letter and its accompanying documents sufficiently laid out Pfeiffer's objection to the dischargeability of her debt to be deemed a complaint. The letter and documents apprised the court of the general nature and extent of her potential claim. The letter also contained a reference to the name, number and chapter of the case to which this adversary proceeding relates. Thus, I conclude that Pfeiffer's letter constitutes a complaint.
 
 
 16
 Id. at 256. Similarly, in Miller v. Levine (In re Levine), 132 B.R. 464 (Bankr.M.D.Fla.1991), the court treated as a complaint a document entitled "Objection to Dischargeability." The submission objected to the dischargeability of the debt, described the fraudulent circumstances leading to the claim and the justification for nondischargeability, and quoted pertinent parts of 11 U.S.C. Sec. 523(a). Id. at 465. The court decided that the first count of a late filed complaint related back to the original submission, but that the second count did not relate back because it did not contain sufficient factual allegations of fraud. Id. at 467. But see Menna v. Murphy (In re Murphy), 1 B.R. 736, 737 (Bankr.S.D.Cal.1979) (holding that plaintiff's counsel's letter to the bankruptcy court asking the court to consider the letter as an "objection to discharge in bankruptcy" could not be deemed a complaint because it did not meet the requirements of Rules 8 and 10). Unlike Rand and Levine, Classic Auto's alleged complaint makes no reference to dischargeability.
 
 
 17
 The purpose of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Consequently, "all pleadings shall be construed so as to do substantial justice." Id. at 48, 78 S.Ct. at 103 (quoting Fed.R.Civ.P. 8(f)). However, the policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules. The documents filed on July 3, 1991, taken as a whole, do not satisfy the requirements for a complaint. Cf. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149, 104 S.Ct. 1723, 1724-25, 80 L.Ed.2d 196 (1984) (holding that plaintiff's correspondence with the district court, which included a copy of a notice of right to sue from the EEOC, "did not qualify as a complaint under Rule 8 because there was no statement in the letter of the factual basis for the claim of discrimination"). Because the complaint filed on September 20, 1991 had nothing to relate back to, it was not timely filed.
 
 III.
 
 18
 Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of a debt shall be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to Sec. 341(a)." We have strictly construed this rule, stating that, "although courts within the Ninth Circuit have indicated in dicta that there is an exception to Rule 4007(c)'s time limit for 'unique' or 'extraordinary' circumstances, the validity of the doctrine remains doubtful." In re Kennerley, 995 F.2d 145, 147 (9th Cir.1993) (footnote omitted). We noted that if equitable powers to extend the time for filing under section 4007(c) exist at all, they are limited to "situations where a court explicitly misleads a party." 995 F.2d at 148 (emphasis in original).
 
 
 19
 Here, the bankruptcy court sent a proper notice regarding the bar date, and did nothing to mislead Classic Auto. There are no extraordinary circumstances that would justify granting Classic Auto relief from its failure to timely file.
 
 IV.
 
 20
 We review the denial of sanctions under Bankruptcy Rule 9011 for an abuse of discretion. In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir.), cert. denied sub nom. Needler v. Valley Nat'l Bank of Ariz., --- U.S. ----, 112 S.Ct. 94, 116 L.Ed.2d 66 (1991). Bankruptcy Rule 9011 provides for an award of sanctions against an attorney or a party who files a complaint that is not "well grounded in fact" or "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Bankr.P. 9011(a).
 
 
 21
 The bankruptcy court determined that existing case law limited the equitable powers of the court to extend the time limit imposed by Rule 4007(c), and concluded that it was bound to dismiss the complaint. However, the court considered the circumstances of this case unique, and indicated that the law in this area might be subject to further development on appeal. The BAP agreed "that the law on this issue is not carved in stone," pointing out that "the Ninth Circuit has recently issued several opinions regarding the application of bar dates under Bankruptcy Rule 4007." See In re Dewalt, 961 F.2d 848 (9th Cir.1992) (extending bar date because creditor received only seven days notice); In re Anwiler, 958 F.2d 925 (9th Cir.) (extending bar date because two courts caused confusion by setting two different deadlines), cert. denied, --- U.S. ----, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992). We consider Classic Auto's position a good faith argument for the extension, modification, or reversal of existing law, particularly in light of the harsh consequences that can result from imposition of the bar date. The bankruptcy court therefore did not abuse its discretion in denying Marino's motion for sanctions.
 
 V.
 
 22
 The documents Classic Auto filed on July 3, 1991 did not substantially comply with the requirements of a complaint. Consequently, the complaint filed on September 20, 1991 cannot relate back to the filing of those documents, and was therefore not timely filed. Moreover, extraordinary circumstances that would permit a late complaint to stand do not exist in this case. The bankruptcy court properly dismissed the complaint. Classic Auto's arguments, however, were not frivolous, and the bankruptcy court appropriately exercised its discretion in declining to impose sanctions.
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 Fed.R.Civ.P. 7(a) provides:
 There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim ...; a third-party complaint ...; and a third-party answer.... No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.