46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Joanne M. WESTON, Debtor.
Joanne M. WESTON, Appellant,
v.
FIRST INTERSTATE, First Interstate Bank of California, Appellee.
 No. 94-15842.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joanne M. Weston appeals pro se the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's denial of Weston's request for the imposition of Fed.R.Bankr.P. 9011 sanctions against an attorney representing First Interstate Bank. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). We review the denial of sanctions under Fed.R.Bankr.P. 9011 for an abuse of discretion. Classic Auto Refinishing, Inc. v. Salvatore James Marino (In re Marino), 37 F.3d 1354, 1358 (9th Cir.1994). We affirm.
 
 
 3
 * Background
 
 
 4
 Weston owned a sixty-four acre parcel of land on which First Interstate Bank held a lien. Weston filed several bankruptcy petitions, which eventually ended up in a Chapter 7 discharge. The Chapter 7 Trustee was able to pay all secured and unsecured creditors using property of the estate other than the sixty-four acre parcel. Therefore, the trustee abandoned the parcel back to Weston on February 16, 1990.
 
 
 5
 First Interstate Bank sought foreclosure on the parcel. On June 9, 1992, Weston sought ex parte injunctive protection from the bankruptcy court to stay the foreclosure proceedings. On June 12, 1992, the bankruptcy court denied Weston's motion finding that the bankruptcy court lacked jurisdiction over the parcel because of the trustee's abandonment of the parcel. The bankruptcy court noted that the state courts now have jurisdiction over the property. Thereafter, Weston filed a complaint in state court seeking, inter alia, injunctive relief to prevent foreclosure on the parcel.
 
 
 6
 On November 19, 1992, First Interstate Bank filed a notice of removal of the state court action back to the bankruptcy court. Weston opposed the removal. On December 3, 1992, the bankruptcy court denied the removal request on the basis that the state courts had jurisdiction over the property.
 
 
 7
 On December 1, 1992, Weston filed a motion requesting sanctions against First Interstate Bank for the filing of the notice of removal from state court. Weston argued that because the bankruptcy court had previously held that it lacked jurisdiction over the parcel, First Interstate Bank's notice of removal frivolous. Weston also argued that notice of removal was filed as a way to prevent her from obtaining injunctive relief in state court. First Interstate Bank opposed the motion for sanctions and requested sanctions against Weston. After a hearing, the bankruptcy court denied both motions for sanctions.
 
 II
 Analysis
 
 8
 Bankruptcy Rule 9011 provides for an award of sanctions against an attorney or a party who files pleadings or papers that are frivolous, i.e., not "well grounded in fact" or "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Bank.P. 9011(a). Bankruptcy Rule 9011 also provides for an award of sanctions against an attorney or a party who files pleadings or papers that are "interposed for any improper purpose." Id. Recently, we held that "the bankruptcy court "must consider both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." Marsch v. Marsch (In re Marsch), 36 F.3d 825, 830 (9th Cir.1994).
 
 
 9
 Our review of the record indicates that the bankruptcy court did not abuse its discretion by denying sanctions against First Interstate Bank. In denying sanctions, the district court stated: "given the fact that Ms. Weston was continuing her attack on the validity of the bank liens and the bank obligations in this court, that perhaps there was some perceived advantage of getting everything into one court." Because Weston was continuing her attacks in the bankruptcy court, we conclude that First Interstate Bank's notice of removal was not frivolous. Furthermore, Weston has failed to produce any evidence that First Interstate Bank acted improperly. Therefore, considering the requirements of Fed.R.Bankr.P. 9011, we conclude that the bankruptcy court did not abuse its discretion by denying Weston's request for sanctions against First Interstate Bank. See In re Marino, 37 F.3d at 1358; In re Mann, 36 F.3d at 830.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Weston's and First Interstate Bank's requests for oral argument. Furthermore, all pending motions are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3