**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ANTONIA ALEMAN, | No. 12-60085 |
| Debtor, | BAP No. 11-1423 |
| ELIZABETH D. CAMPOS, | MEMORANDUM* |
| Appellant, | |
| v. | |
| ANTONIA ALEMAN, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Hammond, and Markell, Bankruptcy Judges, Presiding

Submitted September 23, 2014**

Before:      W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Elizabeth D. Campos appeals pro se from the Bankruptcy Appellate Panel's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("BAP") dismissal of her appeal from the bankruptcy court's discharge of debt. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's mootness determination, *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley (In re Nat'l Mass Media Telecomm. Sys., Inc.)*, 152 F.3d 1178, 1180 (9th Cir. 1998), and we affirm.

The BAP properly dismissed Campos's appeal as moot because reversal of the discharge of debt could not provide Campos with effective relief, namely the ability to have the judgment against Aleman declared nondischargeable, as the deadline to file a complaint challenging the dischargeability of the debt, or a motion to extend that deadline, had passed. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (appeal must be dismissed for mootness if it is impossible for the appellate court to grant any effectual relief to the prevailing party); *see also* Fed. R. Bankr. P. 4007(c) (providing deadline for filing a complaint to determine the dischargeability of a debt and explaining that a motion for an extension of that deadline "shall be filed before the time has expired"); *Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 37 F.3d 1354, 1358 (9th Cir. 1994) (noting that the deadline for filing a complaint to determine the dischargeability of a debt is "strictly construed" and that, even if equitable powers to extend this deadline did exist, they are "limited to situations where a court

*explicitly misleads* a party" (citation and internal quotation marks omitted); *cf. Motor Vehicle Cas. Co v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012) (noting that "public policy values the finality of bankruptcy judgments because debtors, creditors, and third parties are entitled to rely on a final bankruptcy court order").

Because Campos's appeal is moot, we do not consider her arguments on appeal addressing the underlying merits or the bankruptcy court's alleged bias.

Campos's "application for order of default" and "prayer for relief," filed on September 26 and 27, 2013, are denied.

**AFFIRMED.**

12-60085