**NOT FOR PUBLICATION**

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. CC-15-1125-DKiG |
| ) | |
| WILLIAM ROBERT NORRIE, ) | Bk. No. 13-25751-BR |
| ) | |
| Debtor. ) | Adv. Proc. No. 14-01755-BR |
| _____ ) | |
| MARK BLISS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| JOHN NORRIE, Trustee of the ) | |
| 561 Brooks Avenue Trust Dated ) | |
| March 14, 2007, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on January 21, 2016
at Pasadena, California

Filed - January 29, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding.

_____

Appearances:    Appellant Mark Bliss argued pro se.

_____

Before:  DUNN, KIRSCHER, and GAN,[2] Bankruptcy Judges.

---

[1]    This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2]    Hon. Scott H. Gan, United States Bankruptcy Judge for the District of Arizona, sitting by designation.

The bankruptcy court denied Appellant's motion for sanctions ("Sanctions Motion") against Appellee's counsel pursuant to Rule 9011,[3] and this appeal followed. We conclude that the bankruptcy court's findings of fact and conclusions of law with respect to the standards for evaluating a request for Rule 9011 sanctions were not sufficient to support its ruling on the Sanctions Motion. Accordingly, we VACATE and REMAND this matter for further proceedings.

## I. FACTUAL BACKGROUND

In order to understand Appellant's issues in this appeal, it is necessary to evaluate them in context with other litigation and proceedings that have taken place in the chapter 7 bankruptcy case of William Robert Norrie ("William"). We highlight in somewhat summary form the disputes and proceedings in the bankruptcy court that inform our review of the appeal before us. At the heart of the disputes is William's interest in a Venice, California apartment complex ("Venice Property").[4]

A. The Venice Property

William purchased the Venice Property in 2005. In connection with the purchase, William borrowed $1,496,250

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[4] Unless otherwise noted, the facts relating to the Venice Property and the bankruptcy court litigation involving it are taken from the bankruptcy court's findings of fact and conclusions of law entered in one of the disputes and adopted by the District Court on appeal.

("Loan") from Luther Burbank Savings ("Luther"). As security for the Loan, William granted Luther a first position deed of trust on the Venice Property.

On or about January 9, 2008, William transferred all of his interest in the Venice Property to his newly-formed, solely owned limited liability company ("LLC") for no consideration. A grant deed reflecting the transfer was recorded with the Los Angeles County Recorder on the same date. William confirmed to Luther in 2010 that the LLC was "solely owned by myself."

William filed a chapter 7 petition on July 1, 2013. In his schedules and statement of financial affairs, William did not list either the Venice Property or his interest in the LLC as assets, did not list the Loan debt he owed Luther with respect to the Venice Property, and did not disclose his transfer of the Venice Property to the LLC.[5] As a result, the chapter 7 trustee had no knowledge of the existence of the Venice Property.

Enter Mark Bliss, aka Mark O'Gorman ("Appellant"), William's former friend and business associate. Appellant informed the chapter 7 trustee of William's ownership interest in the Venice Property and apparently assisted the chapter 7 trustee in the prosecution of a fraudulent transfer adversary proceeding ("Venice Property Litigation") filed against William and the LLC. The Venice Property Litigation resulted in the entry of a default judgment ("Default Judgment") against the LLC and recovery of the

---

[5] After filing his bankruptcy case, William continued to collect the rents from the Venice Property, and, in November 2013, William attempted to obtain a refinance of debt on the Venice Property.

Venice Property for the benefit of William's bankruptcy estate.[6]

Less than 24 hours before the July 1, 2014, scheduled hearing on the chapter 7 trustee's motion for default judgment ("Default Motion") against the LLC, John Norrie ("John"), William's brother, filed both a motion to continue the hearing ("Continuance Motion") and a motion to intervene ("Intervention Motion")[7] in the Venice Property Litigation. In filing the motions, John asserted, as purported trustee, alleged rights of The 561 Brooks Avenue Trust Dated March 14, 2007 ("Brooks Trust"). According to John, the Brooks Trust was formed for the purpose of holding title to the Venice Property for the benefit of William's sons. Michael Kwasigroch was the attorney representing the Brooks Trust with respect to both motions.

The bankruptcy court denied the Continuance Motion on the basis that John should have brought the Continuance Motion sooner,[8] and set the Intervention Motion for hearing

[6]     Both William and the LLC filed motions to dismiss the Venice Property Litigation, which the bankruptcy court denied. It then set March 25, 2014, as the deadline for William and the LLC to file their answers in the Venice Property Litigation. The LLC did not answer, but instead attempted to appeal the denial of its motion to dismiss to this Panel. That appeal was dismissed May 9, 2014, when our motions panel denied the LLC's motion for leave to appeal.

[7]     The Intervention Motion was filed at 8:45 p.m. the evening before the hearing on the Default Motion.

[8]     The bankruptcy court noted in the context of its ruling on the Intervention Motion that John, as the purported managing member of the LLC, had hired counsel for the LLC to file the motion to dismiss the Venice Property Litigation and to prosecute
(continued...)

-4-

approximately ten weeks out. After the hearing on the Default Motion, the bankruptcy court made written findings of facts and conclusions of law, which it forwarded to the District Court with its recommendation for entry of the Default Judgment.[9] The bankruptcy court subsequently conducted proceedings on the Intervention Motion.

The chapter 7 trustee opposed the Intervention Motion on the basis that Appellant, not John, was the trustee of the Brooks Trust. John countered that Appellant had been automatically terminated as trustee of the Brooks Trust as a result of an involuntary bankruptcy petition having been filed against him, but in any event was removed as trustee by William not later than November 15, 2010, under the procedures set forth in the trust formation documents.

The bankruptcy court denied the Intervention Motion on October 27, 2014. In its findings of fact and conclusions of law, the bankruptcy court charged the Brooks Trust with notice of the Venice Property Litigation as early as February 18, 2014, based on John's participation in the Venice Property Litigation

[8](...continued)
the interlocutory appeal when that motion was denied by the bankruptcy court. The bankruptcy court charged the Brooks Trust with John's knowledge as the purported trustee.

[9] John, as Trustee of the Brooks Trust, appealed entry of the bankruptcy court's order after hearing on the Default Motion, which stated only that the bankruptcy court would review the chapter 7 trustee's proposed findings of fact and conclusions of law and submit them with its recommendation to the District Court for review and entry of a final judgment against the LLC. Our motions panel, noting that the BAP had no jurisdiction over the order, dismissed the appeal.

-5-

as the purported managing member of the LLC. The bankruptcy court found, inter alia, that the Intervention Motion was untimely filed, that John had presented no evidence in support of the Intervention Motion or that he was the trustee of the Brooks Trust, that the chapter 7 trustee had presented evidence both that Appellant was the trustee of the Brooks Trust and that the Brooks Trust had no interest in the Venice Property, and that the Intervention Motion was moot where the District Court had entered the Default Judgment on September 11, 2014.

B.    The Brooks Trust Litigation

On November 18, 2014, John, as trustee of the Brooks Trust, filed an adversary proceeding ("Brooks Trust Litigation"), the complaint in which appeared to seek (1) a declaration that John, not Appellant, was the trustee of the Brooks Trust, and (2) that a trust should be imposed on the Venice Property for the benefit of the Brooks Trust. Mr. Kwasigroch was the attorney representing the Brooks Trust in the Brooks Trust Litigation. The chapter 7 trustee and Appellant were the named defendants in the Brooks Trust Litigation. After motions to dismiss had been filed by the chapter 7 trustee and Appellant, John filed an amended complaint ("Amended Complaint") on December 15, 2014. Appellant withdrew his original motion to dismiss the initial complaint after the Amended Complaint was filed but thereafter filed a further motion to dismiss the Amended Complaint.

The Amended Complaint asserted seven claims for relief: (1) a declaration that John is the trustee of the Brooks Trust; (2) specific performance of alleged agreements between Joe Davis, William's former father-in-law, and William that the Venice

-6-

Property was to be held by the Brooks Trust for the benefit of William's sons;

(3) imposition of a constructive trust;

(4) imposition of a resulting trust;

(5) imposition of an equitable lien;

(6) imposition of an express lien;

(7) judicial foreclosure of the Venice Property.

Notably, like the original complaint, the Amended Complaint sought no damages against Appellant. In fact, the Amended Complaint stated expressly that no claim was being asserted personally against Appellant.[10] Ultimately, the Brooks Trust filed a Rule 7041 notice of dismissal as to Appellant on January 14, 2015.[11]

---

[10] The Amended Complaint provided:

> For clarity, Plaintiff hereby alleges and acknowledges that Plaintiff IS NOT seeking damages for any action of [Appellant], or the chapter 7 trustee, in preparing, filing, submitting, testifying in, petitioning, or in any other way participating in any legal proceeding. These allegations are made as the assertions made by the chapter 7 trustee and [Appellant] were made in legal proceedings, BUT THEREBY CREATE A DISPUTE AS TO THE RIGHTS AND DUTIES OF THE PARTIES, SPECIFICALLY, WHO THE PROPER AND TRUE TRUSTEE OF THE [BROOKS TRUST] IS. However, no damages or monetary recovery is requested based on any action of any party in participating in any legal proceeding.

[11] On February 24, 2015, the bankruptcy court dismissed the Amended Complaint without leave to amend on the chapter 7 trustee's motion. In doing so, the bankruptcy court rejected the arguments of the Brooks Trust that the chapter 7 trustee was on constructive or inquiry notice of the Brooks Trust's alleged

(continued...)

-7-

Approximately three weeks later, Appellant filed the Sanctions Motion, the denial of which forms the basis for this appeal. The Sanctions Motion sought monetary sanctions against Mr. Kwasigroch, because the claims alleged in the Amended Complaint

> . . . are barred under law and . . . are not warranted under existing law and . . . contain factual allegations that do not have evidentiary support. This conduct constitutes a continuing pattern of bad faith and improper litigation tactics. As such, [Mr.] Kwasigroch is subject to sanctions under [Rule] 9011(b)(2) and (3). The court should award [Appellant] his reasonable attorney fees he has and will incur to bring the [Sanctions Motion] in the amount of $7,535.00 against [Mr.] Kwasigroch.

Although the Sanctions Motion was filed February 3, 2015, it (and the declaration of Appellant's counsel, John C. Feely, in support of it) was dated December 18, 2014, the date it purportedly was served on Mr. Kwasigroch. Appellant was dismissed from the adversary proceeding on January 14, 2015, more than 21 days after Mr. Kwasigroch was **served** with the Sanctions Motion, but before the Sanctions Motion was **filed**. Supported by Mr. Feely's declaration regarding compliance with the safe harbor provisions of Rule 9011, Appellant sought an additional $12,187.50 in

---

[11](...continued)
interest in the Venice Property, and ruled in effect that the chapter 7 trustee's strong arm powers provided in § 544 entitled the chapter 7 trustee to status as a bona fide purchaser with respect to the Venice Property. The Brooks Trust appealed the dismissal to the District Court as well as a subsequent order authorizing the chapter 7 trustee to sell the Venice Property, which appeal was dismissed as moot, where no stay had been obtained, and the Venice Property had been sold. The District Court's dismissal order is now on appeal at the Ninth Circuit.

sanctions representing the attorney fees incurred in researching and drafting a motion to dismiss the adversary proceeding, allegedly made necessary because the adversary proceeding remained pending. Appellant sought a total of $19,722.50 in sanctions against Mr. Kwasigroch through the Sanctions Motion. The Sanctions Motion was opposed.

The hearing on the Sanctions Motion was held March 11, 2015 ("Sanctions Hearing"), along with other matters. The transcript of the Sanctions Hearing is sixteen pages long, but only twenty-three lines relate to the Sanctions Motion:

> And the next one is – let's see which order I should take these. Well, I'll take it, I guess, in reverse order. Number 11. That's the, [Appellant's] motion for sanctions against the attorney. That's going to be denied. The fact that you lose something doesn't – everything in this case is not frivolous, that is, not warranted for sanctions. I think I have, of course, awarded sanctions before, but just because I have before doesn't mean that just because I've done it that everybody's entitled to sanctions because they prevail.
>
> The last motion had to do with just prevailing party. That's different than, you know, sanctions for filing frivolous motions. That's totally different. That's a much easier – but this one, I've looked at it. Yes, I disagreed with the pleadings and I've ruled accordingly. But that doesn't make it frivolous. If that were the case, that's all I would do, and any other judge would be doing, is ruling sanctions up and back if people lose. That's just – I think you've gotten a little carried away on what's happened.
>
> So that's going to be denied. By the way, I will prepare an order on – well, no. I think on that one, why don't you, counsel, why don't you just prepare that order.

March 11, 2015 Hr'g Tr. at 5:6-6:3.

Appellant appealed the order denying the Sanctions Motion. He asserts on appeal, inter alia, that the bankruptcy court's dismissal of the Amended Complaint without leave to amend

-9-

established that it was meritless when it was filed.[12]  Appellant contends the bankruptcy court abused its discretion because it did not find that the claims in the Amended Complaint, as filed by Mr. Kwasigroch, seeking a determination that the Brooks Trust held an interest in the Venice Property, violated the provisions of Rule 9011(b)(2) and (3).[13]

[12]  Appellant also filed a motion seeking a declaration that he was the prevailing party in the Brooks Trust Litigation. Despite vigorous opposition from the Brooks Trust, the bankruptcy court determined under LBR 7054-1 that Appellant was the prevailing party.  No appeal was taken from that determination, and it does not appear from the docket that Appellant has sought fees or costs as a result of his prevailing party status.

[13]  As relevant to the Sanctions Motion, Rule 9011 provides:

Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification And Copies of Papers

(a) Signature.  Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name.  A party who is not represented by an attorney shall sign all papers.  Each paper shall state the signer's address and telephone number, if any.  An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) Representations to the Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
. . . .
(2) the claims, defenses, and other legal contentions therein are
(continued...)

-10-

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Whether the bankruptcy court abused its discretion when it denied the Sanctions Motion.

## IV. STANDARDS OF REVIEW

A bankruptcy court's decision declining to impose sanctions pursuant to Rule 9011 is reviewed for abuse of discretion. Trulis v. Barton, 107 F.3d 685, 691 (9th Cir. 1995); Classic Auto Refinishing, Inc. v. Marino (In re Marino), 37 F.3d 1354, 1358 (9th Cir. 1994)("We review the denial of sanctions under [Rule 9011] for an abuse of discretion.").

The Panel must apply a two-part test to determine whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

---

[13](...continued)
warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
. . . .
(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

First, we consider de novo whether the bankruptcy court applied the correct legal standard. Id. A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

Rule 9011

"Pursuant to Rule 9011, bankruptcy courts have the authority to sanction parties, attorneys, and law firms who present (sign, file, submit, or later advocate) a petition, pleading, or paper to a bankruptcy court that is either frivolous or presented for an improper purpose." Winterton v. Humitech of N. Cal., LLC (In re Blue Pine Grp., Inc.), 457 B.R. 64, 75 (9th Cir. BAP 2011), rev'd in part, 526 F. App'x. 768 (9th Cir. 2013)(affirmed as to standards; reversed as to amount of sanctions). Both the Ninth Circuit and this Panel previously have articulated in detail the process and standards for evaluating a motion for sanctions filed pursuant to Rule 9011.

"In determining if sanctions are warranted under Rule 9011, the bankruptcy court must consider both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." Dressler v. The Seeley Co. (In re Silberkraus), 336 F.3d 864, 870 (9th Cir. 2003)(internal citation omitted).

> The word "frivolous," when used in connection with sanctions denotes a filing that is both baseless—lacks factual foundation—and made without reasonable competent inquiry. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). An attorney has a duty to

-12-

conduct a reasonable factual investigation as well as to perform adequate legal research that confirms that his position is warranted by existing law (or by a good faith argument for a modification or extension of existing law). Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). Thus, a finding that there was no reasonable inquiry into either the facts or the law is tantamount to a finding of frivolousness. Townsend, 929 F.2d at 1362.

The Ninth Circuit has held that the standard to determine the reasonableness of an attorney's inquiry as to facts contained in signed documents submitted to a court is an objective one. In considering sanctions under Rule 9011, the bankruptcy court must measure the attorney's conduct "objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court." Valley Nat'l Bank of Ariz. v. Needler (In re Grantham Bros.), 922 F.2d 1438, 1441 (9th Cir. 1991); G.C. & K.B. Inv., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003). Additionally, an improper purpose is analyzed under an objective standard. In re Grantham Bros., at 1443.

In re Blue Pine Grp., Inc., 457 B.R. at 75.

The Bankruptcy Court's Findings

As stated above, we review the order denying the Sanctions Motion for abuse of discretion. "If the bankruptcy court fails to identify or misapplies the correct legal rule of law, [our] inquiry ends there, and we 'must conclude that the bankruptcy court abused its discretion.'" Fear v. U.S. Trustee (In re Ruiz), 541 B.R. 892, 896 (9th Cir. BAP 2015), quoting Hinkson, 585 F.3d at 1262.

Under Ninth Circuit standards, a bankruptcy court "must consider both frivolousness and improper purpose" when ruling on a motion for sanctions under Rule 9011. Here, the bankruptcy court made no findings as to whether the Amended Complaint was filed for an improper purpose. As to whether the Amended Complaint was frivolous, the bankruptcy court stated only "everything in this case is not frivolous," and "Yes, I disagreed

-13-

with the pleadings and I've ruled accordingly.  But that doesn't make it frivolous."

From this limited record, we are unable to determine, de novo, whether the bankruptcy court applied the correct legal rule, set forth in the Ninth Circuit's decision in In re Silberkraus and this Panel's decision in In re Blue Pine Grp., Inc., when it denied the Sanctions Motion.  Without complete findings, we may vacate a judgment and remand the case to the bankruptcy court to make the requisite findings.  See, e.g., First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.), 470 B.R. 864, 870 (9th Cir. BAP 2012).  We do so reluctantly in this case because we fear contributing to a record of litigation that already is both extended and contentious, but we see no appropriate alternative. The litigants in any dispute are entitled to a court's rationale for its decisions.

## VI. CONCLUSION

For the foregoing reasons, we VACATE the bankruptcy court's order denying the Sanctions Motion and REMAND for further proceedings consistent with this Memorandum Decision.

-14-