
NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CHRISTOPHER ALLEN HAGEMAN; and<br>CRYSTAL DEE HAGEMAN,<br>    Debtors. | BAP No. CC-21-1206-TLG<br>BAP No. CC-21-1207-TLG<br><br>Bk. No. 6:18-bk-12269-MW |
| CHRISTOPHER ALLEN HAGEMAN;<br>CRYSTAL DEE HAGEMAN; T. HALL<br>BREHME, IV,<br>    Appellants,<br>v.<br>PILAR ESCONTRIAS,<br>    Appellee. | Adv. No. 6:18-ap-01081-MW<br><br><br>**MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Mark S. Wallace, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY and GAN, Bankruptcy Judges.

## INTRODUCTION

Appellants Christopher Allen Hageman and Crystal Dee Hageman

("Debtors") appeal the bankruptcy court's orders denying their motion to

vacate default judgment ("Motion to Vacate") and granting $7,225 in

---

\* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential

sanctions for bringing the motion. Seeing no abuse of discretion, we AFFIRM.

## FACTS[1]

### A.    Prepetition events

Creditor Pilar Escontrias stored significant personal property ("Property") in a large warehouse in Riverside owned by the Koll Company. Debtor Crystal Hageman was a Koll Company employee. When Ms. Escontrias defaulted on the lease in 2009, the Koll Company conducted an eviction sale of the property. When no one showed up at the sale, the Koll Company purportedly donated the Property[2] to "a local charity."

Ms. Escontrias sued the Koll Company in 2010 but lost when Ms. Hageman testified regarding the donation of the Property. Then, in 2016, Ms. Escontrias discovered that her property was being sold on the internet by Ms. Hageman. She filed a new complaint in state court, this time for conversion, against the Debtors and their son Kai Hargis.

Shortly before trial, the Debtors filed a chapter 7 case.

---

value, *see* 9th Cir. BAP Rule 8024-1.

[1] We exercise our discretion to take judicial notice of documents electronically filed in the main case and the adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[2] Ms. Escontrias provided a detailed eleven-page list of the personal property with values for the items cumulating in a total value of $189,845. The list was "deemed admitted" by order of the bankruptcy court when Debtors failed to respond to

**B.     The dischargeability action and subsequent default**

Ms. Escontrias timely filed her complaint in the Debtors' chapter 7 case requesting denial of the Debtors' discharge under § 727(a)(4)(A)[3] and a finding that the debt owed to her by the Debtors was non-dischargeable under § 523(a)(6).[4] The Debtors and Ms. Escontrias litigated the matter for more than a year and a half until the Debtors filed a Notice of Withdrawal of Answer and Entry of Special Appearance. Thereafter, the bankruptcy court entered an order directing the clerk to enter the Debtors' default.[5]

Ms. Escontrias then filed her motion for default judgment seeking denial of the discharge against the Debtors and damages of $189,845 plus prejudgment interest, costs, and attorneys' fees. It is undisputed that Debtors were served by mail at least 21 days before the actual hearing.

The Debtors filed an opposition to the motion two days before the hearing. The opposition made various legal arguments and attacked the sufficiency of the evidence but offered no evidence itself. At the hearing, the bankruptcy court permitted oral argument by Debtors' counsel but in the end declined to consider the opposition on the basis that it was filed too late. The bankruptcy court entered its order granting the monetary

---

Ms. Escontrias' Request for Admissions.

[3] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Rule" references are the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[4] Ms. Escontrias also sued Mr. Hargis.

[5] She separately defaulted Mr. Hargis previously; we do not discuss him further.

damages requested of $271,990.14 and denied the Debtors' discharge. The bankruptcy court later entered a final judgment. It was not appealed.

**C.**   **The motion to vacate default judgment and motion for sanctions**

A year later the Debtors filed a motion asking the bankruptcy court to vacate the default judgment.

Ms. Escontrias responded by serving a draft motion for sanctions under Rule 9011 giving Debtors and their counsel 21 days to withdraw the Motion to Vacate.[6] When the time elapsed and the Motion to Vacate was not withdrawn, Ms. Escontrias filed her opposition and a sanctions motion.

The bankruptcy court heard both motions, denied the Motion to Vacate, and granted the Motion for Sanctions. As to sanctions, it awarded attorney's fees of $7,225 payable to Ms. Escontrias' counsel; the sanctions were "joint and severable as to Debtors and their attorney."

The Debtors timely appealed from both orders.[7]

---

[6] Ms. Escontrias notes in her motion that a draft motion for sanctions had been served on Debtors and their counsel pursuant to Rule 9011(c)(1)(A) giving them the prescribed 21 days safe harbor notice. The draft motion is not in the record, but Debtors and Mr. Brehme acknowledge receipt.

[7] The Notice of Appeal for the sanctions order identifies Appellants as Christopher Allen Hageman and Crystal Dee Hageman. While Mr. Brehme was added as an appellant on the docket by the Clerk and, thus, is included in the caption, we find no evidence that he initiated a timely appeal on his own behalf. Thus, as to him the sanctions order appears final and nonappealable. Given that we affirm, and given that Appellee did not raise the issue, we need not further discuss the point. But it has ramifications if a further appeal is filed. Mr. Brehme must then address them.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1.      Whether the bankruptcy court abused its discretion by refusing to vacate the default judgment.

2.      Whether the bankruptcy court abused its discretion in awarding sanctions under Rule 9011.

## STANDARDS OF REVIEW

The Panel reviews a trial court's decision to deny a Civil Rule 60(b) motion to vacate a default judgment for an abuse of discretion. *Cmty. Dental Servs. v Tani*, 282 F.3d 1164, 1167 n.7 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc*, (April 24, 2002).

Rule 9011 sanctions awards also are reviewed for an abuse of discretion. *Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 37 F.3d 1354, 1358 (9th Cir. 1994).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.

5

*United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.  Motion to Vacate the Judgment.**

**1.  The Civil Rule 60(b)(4) motion was properly denied because the default judgment is not void.**

Debtors brought the Motion to Vacate under Civil Rule 60(b), focusing almost entirely on Civil Rule 60(b)(4), which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (4) the judgment is void.

Debtors argued that the judgment is void based on alleged "procedural or jurisdictional irregularities in obtaining the default judgment." The irregularities are alleged to be that the "motion" should have been an "application" and that, had it been an application, the Debtors would have been required to "simply show [up] at the hearing and testify." From this they conclude that their opposition filed two days before the hearing was not late and should have been considered.

But the remedy for the alleged error is an appeal, not a Civil Rule 60(b) motion. A court's failure to consider an opposition does not make the judgment void, especially under the facts here.

6

In *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), the Supreme Court noted that

> A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed. 1933). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.

*Id.* at 270. (cleaned up)

In *Espinosa* the creditor argued that it did not receive **proper** notice before the bankruptcy court confirmed a chapter 13 plan. The Supreme Court disagreed; "[the creditor] received *actual* notice of the filing and contents of Espinosa's plan. This more than satisfied [the creditor's] due process rights." *Id.* at 272.

Debtors' cited cases do not aid their argument. In each, the defect giving rise to a Civil Rule 60(b)(4) challenge went directly to the court's power to render a judgment. *See Jackson v. FIE Corp.* 302 F.3d 515, 518 (5th Cir. 2002)(challenge to court's personal jurisdiction could be attacked through Civil Rule 60(b)(4) motion); *Oldfield v. Pueblo De Bahia Lora, SA*, 558 F.3d 1210, 1216, n.13 (11th Cir. 2009)("In general, 'a judgment is void under [Civil] Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"(citations omitted)); *Irvin v. Harris*, 944 F.3d 63, 68

7

(2nd Cir. 2019) (inadequacy of class representation could be attacked on Civil Rule 60(b)(4) motion).

Here there is no question that the bankruptcy court had the power to render judgment. Instead, Debtors engage in procedural nit-picking. They also disregard the rock-solid ability of a judge to regulate matters in the courtroom so long as due process is afforded. Federal courts' "inherent power extends to a full range of litigation abuses" which includes the inherent power to manage their own proceedings and to control the conduct of those who appear before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).

The local rules of the Central District of California specify what must be included in "a motion for default judgment." Local Rule ("LBR") 7055-1. LBR 9013-1 provides detailed rules for filing any motion and any opposition including deadlines for opposition; an opposition to a motion must be filed 14 days before the hearing. LBR 9013-1(f)(1). Failure to file an opposition may be deemed to be consent to the granting of the motion. LBR 9013-1(h). A court may award attorney's fees to opposing counsel for violation of the local rules. LBR 9011-3.

Debtors were served consistent with the Local Rules and did not file timely opposition. They offer no reason why these rules do not apply here. That they self-selected an alternate method for voicing opposition was an apparent strategic decision, not a violation of due process. Due process requires notice which affords meaningful but not limitless opportunities to

be heard. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950). There is no evidence on this record that the Debtors were deprived of notice or the opportunity to be heard as to the motion for default judgment. Debtors' counsel so admitted at the hearing. "I don't think I ever said we didn't get enough notice." The bankruptcy court's jurisdiction – power to act – is obvious. Civil Rule 60(b)(4) provides no basis for reconsideration of this long-final judgment.

### 2. Civil Rule 60(b)(1) also does not apply.

Debtors also suggest that Civil Rule 60(b)(1), which provides that the court may "relieve a party . . . from a final judgment" for "(1) mistake, inadvertence, surprise, or excusable neglect," applies and that the judgment should be vacated based on "mistake." But Debtors, in arguing this point, essentially repeat their "void judgment" argument saying "[h]ere, the mistake is Plaintiff and the Court treating the Application for Entry of Default Judgment as a motion. It is not."

On this record, there was no mistake justifying Civil Rule 60(b)(1) relief. Debtors merely recycle arguments previously made, allege legal error, and fail to identify anything new that makes enforcement of the judgment unfair; they fail to justify Civil Rule 60(b)(1) relief. *United Student Funds v. Wylie (In re Wylie),* 349 B.R. 204, 209 (9th Cir. BAP 2006)

In sum, Civil Rule 60(b)(1) provides no basis for a request that the bankruptcy court "revisit the merits" a year later and no basis for an attack on the judgment that they did not appeal.

**B.      Motion for Sanctions.**

**1.      The motion to vacate the default judgment was frivolous.**

Rule 9011(b) states in relevant part:

(b) By presenting to the court . . . a . . . pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . .

In her motion under Rule 9011, Ms. Escontrias focused on Debtors' argument that the judgment is void, which purportedly gave them a basis under Civil Rule 60(b)(4) to bring the motion. Ms. Escontrias argued, and the bankruptcy court agreed, that there is no basis in law or in fact for that argument. We also agree.

The bankruptcy court found that the argument that the default judgment was void because it was designated as a "motion" instead of an "application" and that only seven days' notice was required instead of the 21 days they were actually given was frivolous. The argument was not warranted by existing law, and no argument was made that existing law should be extended, modified, or reversed.

The Debtors allegedly believed that they could simply appear at the hearing on the default judgment and start presenting evidence and argument. Their attorney stated at the hearing: "The law says the defendant can appear at the hearing on the application. They don't have to file anything, but they may file written objections, which is what we did." And yet, they acknowledge, citing Civil Rule 55(b)(2), that a hearing on a default judgment motion is not even required.

The bankruptcy court also commented at the hearing that the other arguments made in the motion to vacate were "really frivolous in the sense that we have been down this road before. There is nothing new. It is the same old rehashed arguments that the court rejected before."[8]

The Ninth Circuit has defined the term "frivolous" in Civil Rule 11 to mean "a filing that is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990); *accord, Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir.2005). The argument that the judgment is void is baseless. There is no attempt at an argument that the bankruptcy court did not have jurisdiction to hear the matter nor could there be. The argument that the judgment was entered without due process is contradicted by the Debtors' own argument and is frivolous.

---

[8] In fact, the conclusion in the Debtors' opposition to the motion for default judgment and in the motion to set aside the judgment are identical.

11

The Debtors also argue that the motion should fail because it does not "describe the specific conduct alleged to violate Rule 11." This is more of the same. First, the conduct was presumably noted in the draft motion for sanctions served 21 days before the motion itself. Second, it could not be more obvious that the conduct was bringing the Civil Rule 60(b) motion in the first place. Finally, the bankruptcy court clearly pointed out the conduct which merited the sanctions, specifically making "frivolous arguments," including the argument that "you were denied due process because you got 7 days – you got 21 days' notice instead of 7 days notice."

2. **The motion to vacate the default judgment was brought for an improper purpose.**

As to the improper purpose for the motion to vacate, Ms. Escontrias argues that there is no reasonable explanation for the motion other than to harass, cause unnecessary delay, and avoid paying the judgment. She argues that the timing of the motion shows that it was brought for an improper purpose. Debtors' counsel surprisingly responded at the hearing by commenting on the timing of the motion saying,

> Plaintiff says, Well, why did you wait a year? Why not did you --
> Well, why not?
> Why didn't you appeal? Why didn't you --
> Well, we don't have to. We don't have to do that. There is no requirement. There is no law that says that. This is just –

I am being questioned on a strategic move now when you can't do that. If there is a reason why I shouldn't have filed it now, I haven't heard it.

Improper purpose is determined by an objective standard, and a "court confronted with solid evidence of a pleading's frivolousness may **in circumstances that warrant it** infer that it was filed for an improper purpose." *Townsend*, 929 F.2d at 1365 (emphasis added). This is such a circumstance since there is no other reason argued or even arguable on this record. "Although the 'improper purpose' and 'frivolousness' inquiries are separate and distinct, they will often overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose. The standard governing both inquiries is objective." *Id.* at 1362.

We see no abuse of the bankruptcy court's discretion. Filing a motion to vacate a judgment that was not appealed, where no newly discovered evidence exists, where no new arguments on the merits are advanced, and where the assertion of a due process lapse is wholly without merit can be presumed to have been done for the improper purpose of delaying appropriate collection efforts or creating settlement leverage.

3.   **Sanctions in the form of attorneys' fees awarded to Ms. Escontrias were appropriate.**

Rule 9011(c)(2) states in relevant part:

[T]he sanction may consist of, or include, . . . if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the

13

reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

The sanctions awarded of $7,225 were the attorneys' fees expended opposing the motion to vacate, preparing the motions for sanctions, and attending related court appearances. The sanctions are against the Debtors and their attorney jointly and severally. LBR 9011-3 permits the court to award attorney's fees to opposing counsel for violation of the local rules.

The Debtors offered no specific reason why the amount awarded was inappropriate other than stating that the amount was "just astronomical" and "[i]t's an extraordinary amount of time to spend. . . ." We disagree and find no abuse of discretion in the amount awarded.[9]

## CONCLUSION

Based on the foregoing, we AFFIRM.

---

[9] The bankruptcy court did not state under which portion of Rule 9011 it was awarding the sanctions. Rule 9011(c)(2)(B) provides that "[m]onetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)." Rule 9011(b)(2) provides "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." If the sanctions here were assessed solely based on the frivolous arguments of law made by the attorney, they should not have been assessed against the Debtors personally. But there is sufficient evidence in the record justifying a conclusion that the motion to vacate was brought for an improper purpose. This makes Rule 9011(b)(1) applicable, and the award against the Debtors appropriate. And we emphasize, Debtors did not raise this point on appeal.