**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

APR 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: <br><br> CHRISTOPHER ALLEN HAGEMAN; and CRYSTAL DEE HAGEMAN, <br><br> Debtors <br><br> ———————————————————— <br><br> CHRISTOPHER ALLEN HAGEMAN; CRYSTAL DEE HAGEMAN; T. HALL BREHME, IV, <br><br> Appellants, <br><br> v. <br><br> PILAR ESCONTRIAS, <br><br> Appellee. | Nos. 22-60025 <br> 22-60036 <br><br> BAP No. 21-1207 <br><br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Lafferty III, and Gan, Bankruptcy Judges, Presiding

Submitted April 16, 2024[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

The Bankruptcy Court awarded default judgment to Pilar Escontrias in an adversary proceeding against Christopher and Crystal Hageman. More than a year later, the Hagemans filed a Fed. R. Civ. P. 60(b) motion with the Bankruptcy Court. The Hagemans sought relief from the default judgment pursuant to Rule 60(b)(4) (relief from a void judgment) and 60(b)(1) (relief from judgment due to mistake). Escontrias responded by moving for sanctions under Bankruptcy Rule 9011(b). The Bankruptcy Court denied the Hagemans' Motion to Vacate, and granted Escontrias' Motion for Sanctions. The Bankruptcy Appellant Panel (BAP) affirmed. The Hagemans now appeal pro se from the BAP.[1]

We have jurisdiction under 28 U.S.C. § 158(d). We review decisions of the BAP de novo. *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002). A Bankruptcy Court is a "unit of the district court." 28 U.S.C. § 151. Motions for relief from judgment pursuant to Civil Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We also review the denial of sanctions under

---

[1] The Hagemans bring two appeals, 22-60025 and 22-60036. In the latter, the appellants are listed as the Hagemans and T. Hall Brehme IV, their lawyer before the Bankruptcy Court. However, Brehme was not listed as an appellant on the Notice of Appeal from the Bankruptcy Court to the Bankruptcy Appellate Panel. Consequently, Brehme never appealed to the BAP and cannot now appeal from the BAP. We now consolidate these cases, recognizing only the Christopher and Crystal Hageman as appellants.

Bankruptcy Rule 9011 for an abuse of discretion. *In re Marino*, 37 F.3d 1354, 1358 (9th Cir. 1994). A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

I

The Hagemans argue that the default judgment of the Bankruptcy Court is void under Rule 60(b)(4), because Escontrias could not make a "motion" for default judgment but instead made an "application," and that as a result the "filing deadlines for regular motion practice" do not apply. The Hagemans provide no legal support for this claim, nor do they address the thousands of Ninth Circuit cases using the phrases "moved for default judgment" and "motion for default judgment." Applying regular filing deadlines, the Hagemans late-filed their opposition to Escontrias' Motion for Default Judgment, and the Motion was granted as unopposed.

A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). A judgment is not void simply because it is or may have been erroneous. *Id*. A motion under Rule 60(b)(4) is not a substitute for a timely appeal. *Id*. Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that

3

deprives a party of notice or the opportunity to be heard. *Id*. at 271.

In this case, there is no claim of jurisdictional error, so the Hagemans' claim of voidness must rest on a violation of due process that deprives a party of notice or of the opportunity to be heard. No such violation occurred. Because the judgment is not void, the Bankruptcy Court did not abuse its discretion in refusing to provide relief under Rule 60(b)(4).

## II

The Hagemans also argue that they are entitled to relief from the default judgment under Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect). However, a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Order awarding default judgment was entered on June 10, 2020. The Hagemans filed their Motion to Vacate on June 14, 2021, more than a year later.

Because Rule 60(b)(1) is unavailable as a basis for granting the Motion to Vacate, the Bankruptcy Court did not abuse its discretion in refusing to provide relief under Rule 60(b)(1).

## III

Finally, the Hagemans argue that the Bankruptcy Court abused its discretion when it granted Escontrias' Motion for Sanctions. As discussed above, there was no

4

basis in law or fact for the Hagemans Motion to Vacate under Rule 60(b). Consequently, the Bankruptcy Court did not abuse its discretion by finding that the Hagemans' Motion to Vacate was frivolous and awarding sanctions to Escontrias.

**AFFIRMED.**