**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BLUE PINE GROUP, INC., | No. 11-60059 |
| Debtor, | BAP No. 10-1412 |
| DAVID J. WINTERTON; DAVID J. WINTERTON & ASSOCIATES, LTD., | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| BLUE PINE GROUP, INC.; HUMITECH OF NORTHERN NEVADA CALIFORNIA, LLC; JOHN PINK; US TRUSTEE, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Jury, and Johnson, Bankruptcy Judges, Presiding

Argued and Submitted May 7, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants David Winterton and David J. Winterton & Associates, Ltd., ("Winterton") appeal from the judgment of the Bankruptcy Appellate Panel ("BAP") imposing sanctions against Winterton based on his work in a bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d), and we review decisions of the bankruptcy court independently without deference to the BAP's conclusions. *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002). We affirm the bankruptcy court's decision to impose sanctions but reduce the sanction award to $11,000.

A bankruptcy court may impose sanctions under Bankruptcy Rule 9011 when it finds that a filing is frivolous. *Marsch v. Marsch* (*In re Marsch*), 36 F.3d 825, 829 (9th Cir. 1994) (per curiam). A petition is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir. 1991) (internal quotation marks omitted). The record shows that Winterton filed and continued to pursue a bankruptcy petition without adequate investigation that it was legitimate, even after he was put on notice that his clients lacked authority to file. The bankruptcy court did not abuse its discretion by imposing sanctions under Rule 9011. *See* Fed. R. Bankr. P. 9011(b), (c)(1)(A). We conclude that the decision to sanction Winterton cannot be said to be illogical, implausible, or without support of inferences that may be drawn from facts in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009).

The bankruptcy court entered an award of sanctions in the amount of $109,528, the actual costs shown by Appellees' billing records to be attributable to Winterton's improper conduct. Rule 9011 provides that sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2). Moreover, a bankruptcy court should "apply the general rule that sanctions are to be allocated between counsel and client according to their relative culpability." *In re Rainbow Magazine, Inc.*, 136 B.R. 545, 554 (B.A.P. 9th Cir. 1992). Under that rule, "the debtor must bear much of the responsibility." *Id*. at 555. Here, however, the bankruptcy court sanctioned only Winterton, even though his error stemmed in part from his reliance on the debtor and debtor's litigation and corporate counsel. Because the sanction imposed is more than sufficient to deter similar conduct by others and Winterton's culpability is limited by that of the debtor, we reduce the sanction against Winterton from $109,528 to $11,000. The remainder is vacated.

AFFIRMED and VACATED.