**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. NV-15-1318-DoKiL |
| | ) | |
| GLOYD GREEN and GAIL HOLLAND, | ) | Bk. No. 2:14-bk-15981-ABL |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| GLOYD GREEN; GAIL HOLLAND, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| HOWARD FAMILY TRUST DATED | ) | |
| AUGUST 21, 1998; OSCAR BRANNON | ) | |
| HOWARD III; ROBERT GRAHAM; | ) | |
| JERIMY L KIRSCHNER; ANTHONY | ) | |
| L. BARNEY; LAWYERSWEST, LTD., | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on October 21, 2016
at Las Vegas, Nevada

Filed – November 17, 2016

Appeal from the United States Bankruptcy Court
For the District of Nevada

Honorable August B. Landis, Bankruptcy Judge, Presiding

_____

Appearances: Christopher P. Burke argued for appellants Gloyd Green and Gail Holland; Jerimy L. Kirschner argued for appellees Jerimy L. Kirschner, Robert Graham, LawyersWest, Ltd., and Howard Family Trust Dated August 21, 1998; Anthony L. Barney argued for appellees Anthony L. Barney and Oscar Brannon Howard III.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before: DORE,[**] KIRSCHER, and LAFFERTY, Bankruptcy Judges.

**INTRODUCTION**

Gloyd Green and Gail Holland (collectively, "Greens") appeal an order declining to sanction Truman Holt, trustee of the Howard Family Trust dated August 21, 1998 ("Holt"), Holt's attorneys Jerimy L. Kirschner, Robert Graham and LawyersWest, Ltd., Oscar Brannon Howard III and his attorney Anthony L. Barney (collectively, "Appellees"). We AFFIRM.

**FACTS**

Prior to filing their bankruptcy case, the Greens provided their bankruptcy counsel, Mr. Burke, with a $32,000 retainer. The Greens obtained $7,500 of the funds used to pay Mr. Burke's retainer through a loan from Gail Holland's mother, Theresa Holland.[1]

At the initial § 341[2] meeting of creditors ("Meeting of Creditors"), the Greens testified that Gail obtained the $7,500 from an account held jointly in Gail and Theresa's name ("Joint Account"). The funds in the Joint Account belonged to Theresa, but Gail had spoken with Theresa on the telephone and Theresa had allowed her to withdraw the funds. The Greens transferred the

---

[**] Honorable Timothy W. Dore, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

[1] We use Gail and Theresa for clarity since there are two Ms. Hollands, but mean no disrespect.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure.

-2-

$7,500 drawn from the Joint Account to Mr. Burke.  The exact method of transmission of the $7,500 from the Joint Account to Mr. Burke is not clear from the record.

Mr. Burke's employment application, the Greens' Statement of Financial Affairs and the Disclosure of Compensation of Attorney for Debtor(s) identify the Greens as the source of the $32,000 retainer paid to Mr. Burke.  They do not disclose that $7,500 of the $32,000 came from Theresa.  Theresa is listed as a creditor on the Greens' Schedule F in the amount of $7,500, for a loan incurred in 2014.

On February 25, 2015, the Appellees filed a motion seeking to disqualify Mr. Burke as bankruptcy counsel for the Greens and require Mr. Burke to disgorge the retainer and any fees paid to him in connection with the case.  On February 26, 2015, the Appellees filed an amended motion to disqualify Mr. Burke ("Disgorgement Motion").  The arguments in the Disgorgement Motion included that the transfer of the $7,500 from Theresa should have been disclosed, the transfer of the $7,500 from Theresa plus the Greens' debt to Theresa created an actual conflict of interest rendering Mr. Burke ineligible to be bankruptcy counsel for the Greens, and Mr. Burke violated §§ 327(a) and 329 and Rules 2014 and 2016.

On February 27, 2015, Mr. Burke sent a letter and a draft motion for sanctions under Rule 9011 ("Draft Sanctions Motion") to Mr. Kirschner and Mr. Barney asserting that he would file it if the Disgorgement Motion was not withdrawn within 21 days.  The Appellees did not withdraw the Disgorgement Motion.

On March 2, 2015, Gail testified under oath in an

-3-

evidentiary hearing related to another motion in the Greens' bankruptcy case. The issue of the retainer was raised, and when asked who had paid Mr. Burke's retainer, Gail responded, "We paid it."

On March 20, 2015, the final day of the 21-day safe harbor period under Rule 9011, Mr. Burke filed a response to the Disgorgement Motion. Attached to the response are two declarations, one from Mr. Burke and one from Gail, stating, among other things, that Theresa did not pay Mr. Burke anything and did not have a payment agreement with Mr. Burke. Mr. Burke's declaration also stated the retainer was paid to him directly by the Greens. Theresa died prior to the Meeting of Creditors and, therefore, was not available to testify or otherwise provide information about the $7,500 loan transaction.

On March 27, 2015, Holt filed a reply regarding the Disgorgement Motion ("Disgorgement Reply").[3] In it, Holt acknowledges that the loaned $7,500 was transmitted indirectly from Theresa to Mr. Burke, but argues that, regardless of the means of transmission, Theresa is still the "source" of the funds under § 329(a) and that her loan to the Greens should have been disclosed by Mr. Burke and the Greens.

On May 1, 2015, the bankruptcy court gave an oral ruling denying the Disgorgement Motion. In its oral ruling, the bankruptcy court determined that the entire retainer came

---

[3] The Disgorgement Motion was filed by Holt and Mr. Howard III, although it was signed only by Mr. Kirschner. The Disgorgement Reply was filed solely by Holt and signed only by Mr. Kirschner.

-4-

directly from the Greens to Mr. Burke and, therefore, Mr. Burke did not violate the disclosure requirements of § 329(a) and Rules 2014 and 2016 or the employment requirements of § 327(a). The bankruptcy court declined to interpret the "source of such compensation" language from § 329(a) to require the disclosure of the indirect transfer of the loaned funds from Theresa to Mr. Burke.

On May 5, 2015, the bankruptcy court entered an order denying the Disgorgement Motion.

On July 11, 2015, the Greens filed a motion seeking sanctions under Rule 9011 against the Appellees for filing and failing to withdraw the Disgorgement Motion ("Sanctions Motion"). After a hearing, the bankruptcy court gave an oral ruling denying the Sanctions Motion. Thereafter, on September 1, 2015, the bankruptcy court entered its order denying the Sanctions Motion. This appeal timely followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion when it declined to award Rule 9011 sanctions against the Appellees for filing and failing to withdraw the Disgorgement Motion?

## STANDARDS OF REVIEW

We review a bankruptcy court's refusal to impose Rule 9011 sanctions for abuse of discretion. Classic Auto Refinishing, Inc. v. Marino (In re Marino), 37 F.3d 1354, 1358 (9th Cir.

-5-

1994). We apply a two-part test to determine whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, we consider de novo whether the bankruptcy court applied the correct legal standard. Id. Second, we consider if its application of the correct legal standard or its factual findings are illogical, implausible or without support in the record. Id.; DeLuca v. Seare (In re Seare), 515 B.R. 599, 614 (9th Cir. BAP 2014).

**DISCUSSION**

The Greens assert the bankruptcy court abused its discretion in two ways when it denied the Sanctions Motion. First, they argue the bankruptcy court abused its discretion by ruling as a matter of law that the Sanctions Motion could not be granted because the Draft Sanctions Motion did not contain the declarations attached to the Sanctions Motion. Second, they argue the bankruptcy court abused its discretion when it denied the Sanctions Motion because the Disgorgement Motion was factually and legally frivolous.

The bankruptcy court applied the correct legal standard. The bankruptcy court quoted the applicable portions of Rule 9011(b), and cited In re Blue Pine Group, Inc., 448 B.R. 267, 271 (Bankr. D. Nev. 2010), affirmed in part and vacated in part by In re Blue Pine Group, 526 F. App'x 768 (9th Cir. 2013), Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988), Larez v. Holcomb, 16 F.3d 1513, 1522 (9th Cir. 1994), and Strom v. United States, 641 F.3d 1051, 1059 (9th Cir. 2011) for the propositions that: (1) Rule 9011 sanctions are

-6-

reserved for exceptional cases and cases where the action is clearly frivolous, legally unreasonable, or without legal foundation, (2) the party to be sanctioned must have made an objectively reasonable investigation into the relevant law and facts, and (3) sanctions should not be levied against a party raising a novel issue of law when there is no case law to the contrary. Rule 9011 is the applicable Rule, and the cases properly recite the Ninth Circuit law on the issuance of Rule 9011 sanctions.

The bankruptcy court did not abuse its discretion by ruling as a matter of law that the Sanctions Motion could not be granted because the Draft Sanctions Motion did not contain evidence. The bankruptcy court made no such ruling.

The bankruptcy court did discuss the lack of evidence attached to the Draft Sanctions Motion in its oral ruling: "the [Draft Sanctions Motion] . . . did not contain any other exhibits confirming that the debtors were the exclusive and direct payor of the monies received by their counsel," and "[t]here was no affidavit evidence [when the Disgorgement Motion was filed] . . . from debtors' counsel and from Gail confirming that Gail had made the payment directly to Mr. Burke as opposed to the payment having been made directly by T[h]eresa to Mr. Burke." Nowhere in the bankruptcy court's oral ruling or its order denying the Sanctions Motion, however, is there a statement that the lack of evidence with the Draft Sanctions Motion doomed the Sanctions Motion as a matter of law. Rather, the oral ruling demonstrates the bankruptcy court considered the lack of evidence as one factor in assessing whether there was a sufficient inquiry into

-7-

the facts and an objectively reasonable basis to file the Disgorgement Motion. The bankruptcy court denied the Sanctions Motion because, "[t]he Court on the record before it is satisfied that it was sufficiently unsettled, that it was objectively reasonable for the creditors' attorney to take the position that they did in filing the motion that is the subject of the sanctions motion here."

The Greens' larger point, that Holt and Mr. Howard III should have withdrawn the Disgorgement Motion after discovering the indirect nature of the transfer of funds from Theresa to Mr. Burke, does not give full credit to the arguments asserted in the Disgorgement Motion and the Disgorgement Reply. The Appellees argued that even the indirect transfer of funds from Theresa was a fact that needed to be disclosed to satisfy § 329(a) and Rule 2016.

There is no binding Ninth Circuit law providing that counsel need not disclose the indirect transfer of funds from a third party insider used to pay a bankruptcy attorney's retainer. The requirements for disclosure under § 329(a) and Rule 2016 are broad and determined on a case-by-case basis. Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.), 63 F.3d 877 (9th Cir. 1995). "The duty is one of complete disclosure of all facts." Id. at 881, quoting In re Plaza Hotel Corp., 111 B.R. 882, 883 (Bankr. E.D. Cal. 1990). The applicant "must disclose the precise nature of the fee arrangement, and not simply identify the ultimate owner of the funds." Id. (internal quotations omitted).

Without binding Ninth Circuit law to the contrary, the

-8-

Appellees' argument that the indirect transfer of funds from Theresa to Mr. Burke should have been disclosed is not legally frivolous, and the bankruptcy court did not abuse its discretion when it declined to sanction the Appellees. Because there is a legally non-frivolous argument that the indirect transfer of funds should have been disclosed, the Greens' argument that the Appellees should have expended more time investigating whether the $7,500 was transferred directly from Theresa to Mr. Burke or indirectly from Theresa to Mr. Burke through Gail fails as well.[4] If Theresa should have been disclosed as the ultimate "source" of the funds regardless of how they were transferred from Theresa to Mr. Burke, then the issue of whether the funds were transferred directly or indirectly is not dispositive.

The Appellees argue that Mr. Barney, Mr. Howard III and Holt should not be sanctioned because they did not "present" an argument to the bankruptcy court under Rule 9011(b). These arguments were briefed and discussed at oral argument before the bankruptcy court. The bankruptcy court, however, did not clearly rule on whether Mr. Barney, Mr. Howard III and Holt would have been subject to Rule 9011 sanctions if it had decided to award them. The bankruptcy court did not need to rule on that issue since it determined there was no sanctionable conduct. Because the bankruptcy court did not explicitly rule on the issue and its resolution is not necessary to our disposition of this appeal, we decline to rule on it as well.

---

[4] As the bankruptcy court noted in its oral ruling, further investigation of the direct versus indirect payment issue was complicated by Theresa's death prior to the Meeting of Creditors.

**CONCLUSION**

The bankruptcy court indicated it was a "close" call or question on four occasions in its oral ruling. Regardless, the bankruptcy court identified the correct legal standard and neither its application of that standard nor its factual findings were illogical, implausible or without support in the record. Accordingly, the bankruptcy court did not abuse its discretion in denying the Sanctions Motion, and we AFFIRM.