**NOT FOR PUBLICATION**

# FILED

## UNITED STATES COURT OF APPEALS

APR 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## FOR THE NINTH CIRCUIT

In re: WILLIAM ROBERT NORRIE,

Debtor,

_____

JOHN NORRIE, as Trustee of Brooks Ave Trust,

Appellant,

v.

BRAD D. KRASNOFF, Chapter 7 Trustee,

Appellee.

No. 15-56043

D.C. No. 2:15-cv-01979-BRO

MEMORANDUM*
and ORDER

Appeal from the United States District Court
for the Central District of California,
Beverly Reid O'Connell, District Judge, Presiding

Submitted April 5, 2017**
Pasadena, California

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before: WARDLAW and CALLAHAN, Circuit Judges, and QUIST, Senior District Judge.[***]

John Norrie appeals the district court's order dismissing as equitably moot Norrie's appeal of the bankruptcy court's order dismissing his first amended complaint in an adversary proceeding. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we affirm.

In reviewing a district court's determination that an appeal is equitably moot, "we review factual findings for clear error and legal conclusions de novo." *JMPCC 2007–C1 Grasslawn Lodging, LLC v. Transwest Resort Props. Inc. (In re Transwest Resort Props., Inc.)*, 801 F.3d 1161, 1168 (9th Cir. 2015) (citing *Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214 (9th Cir. 2010)).

"An appeal is equitably moot if the case presents transactions that are so complex or difficult to unwind that debtors, creditors, and third parties are entitled to rely on the final bankruptcy court order." *Id.* at 1167. We have identified four considerations that bear on whether an appeal of a bankruptcy proceeding is equitably moot: whether the party seeking relief sought a stay of the bankruptcy court's order, whether the transaction has been substantially consummated, what effect a remedy might have on third parties not before the court, and whether the

[***] The Honorable Gordon J. Quist, Senior District Judge for the United States Court for the Western District of Michigan, sitting by designation.

2

bankruptcy court can "practically and equitably" fashion relief that would not completely unwind the transaction.  *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 881 (9th Cir. 2012).

Here, Norrie "flunked the first step . . . [by] not apply[ing] to the bankruptcy judge for a stay." *Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.)*, 652 F.2d 793, 798 (9th Cir. 1981).  In addition, the sale of the property closed and the proceeds were distributed to various parties while Norrie's appeal was pending.  Thus, the bankruptcy court could not fashion equitable and effective relief against the property without unwinding the sale and adversely affecting third parties who relied on the bankruptcy court's sale order.  *See Baker & Drake, Inc. v. Pub. Serv. Comm'n of Nev. (In re Baker & Drake, Inc.)*, 35 F.3d 1348, 1351 (9th Cir. 1994) ("The classic example of mootness in the bankruptcy context is a case in which the debtor has failed to seek a stay of foreclosure and the debtor's property has been sold.  The transfer to a third party precludes meaningful relief.").

Norrie's request in his amended adversary complaint for general and special damages "against the subject property and bankruptcy estate" does not save his appeal from being moot.  Norrie's claims were limited to equitable relief against the property, and he has not demonstrated a legal basis for an award of damages against either the property or the estate.

Norrie's motion to take judicial notice, filed March 8, 2016, and the Trustee's motion to take judicial notice, filed May 11, 2016, are granted.

**AFFIRMED**.