**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-17-1151-TaFS |
| ) | |
| WILLIAM ROBERT NORRIE, ) | Bk. No.   2:13-bk-25751-BR |
| ) | |
| Debtor. ) | Adv. No.   2:14-ap-01755-BR |
| _____ ) | |
| ) | |
| MARK BLISS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| JOHN NORRIE, Trustee of The ) | |
| 561 Brooks Avenue Trust, ) | |
| Dated March 14, 2007; ) | |
| MICHAEL D. KWASIGROCH, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Submitted Without Oral Argument on February 22, 2018

Filed – April 25, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding

---

Appearances:    Appellant Mark Bliss, pro se, on brief; Michael
D. Kwasigroch on brief pro se and for appellee
John Norrie.

---

Before:   TAYLOR, FARIS, and SPRAKER, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

William Robert Norrie's chapter 7[1] bankruptcy case has been contentious. But this appeal does not directly involve him; instead, it derives from litigation between John Norrie ("John")[2] (William's brother) and Mark Bliss ("Bliss", the appellant).

At a mid-point in the case, John sued Bliss. Bliss responded with a Rule 9011 motion initially directed at John's attorney, Michael Kwasigroch (collectively with John, "Appellees"). The bankruptcy court denied the Rule 9011 motion; Bliss appealed.

While the appeal was pending, Bliss asked the bankruptcy court to issue a Rule 8008 indicative ruling reconsidering (under Civil Rule 60) its order denying the Rule 9011 motion and adding John as an additional party subject to sanctions. The bankruptcy court deferred ruling on this request until the Panel resolved the appeal.

Bliss was at least partially successful on appeal: We vacated the order denying the Rule 9011 motion (the bankruptcy court did not provide us with complete findings, so we could not

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure. And all "LBR" or "local rules" references are to the local rules for the United States Bankruptcy Court for the Central District of California.

[2] Because John and William share a last name, we refer to them in this memorandum by their first names. We intend no disrespect.

determine if the bankruptcy court applied the correct legal rule) and remanded so the bankruptcy court could conduct further proceedings consistent with our decision.

Bliss's success was short-lived. On remand, the bankruptcy court said it would prepare an order denying Bliss's Rule 9011 motion again; it did not. It did, however, deny Bliss's reconsideration motion, found that motion frivolous, and accordingly sanctioned Bliss and his attorney.

Bliss again appeals; and again we are unable to rule.

The bankruptcy court has yet to comply with our instructions on remand. The bankruptcy court said that it would prepare an order or further statement in response to the remand, but it has not done so. The bankruptcy court has neither explained its reasoning in findings of fact and conclusions of law nor re-entered an order, minute or otherwise, deciding the Rule 9011 motion. But based on the bankruptcy court's oral statements and its findings when denying the reconsideration motion, we conclude that the bankruptcy court employed an erroneous legal standard, such that denial of Bliss's Rule 9011 motion on that basis would be an abuse of discretion. And this error makes it impossible for us to rule on the motion requesting sanctions against Bliss which is grounded in the main on the denial of the Rule 9011 motion and the reconsideration motion.

Accordingly, we VACATE the order denying the reconsideration motion and imposing sanctions on Bliss and REMAND with instructions that the bankruptcy court comply with the instructions of the previous Panel, apply the correct

3

standard in doing so, decide the reconsideration motion as appropriate, and re-evaluate the request for sanctions against Bliss in light of these determinations.

**FACTS**[3]

Because little has changed in the intervening time, we borrow substantially from our earlier decision and "highlight in somewhat summary form the disputes and proceedings" involved here. Bliss v. Norrie (In re Norrie), BAP No. CC-15-1125-DKiG, 2016 WL 373868, at *1 (9th Cir. BAP Jan. 29, 2016).

The relevant dispute centers on William's interest in a Venice, California apartment complex (the "Property").

**The Property**. William purchased the Property in 2005. In 2008, he transferred his interest in the Property to his newly-formed, solely owned limited liability company (the "LLC"). A grant deed reflecting the transfer was recorded, and William later confirmed to his lender that the LLC was "solely owned by myself." The LLC provided no consideration for the transfer.

William filed a chapter 7 petition in 2013. He did not schedule or disclose any interest in either the Property or the LLC.

Instead, Bliss, William's former friend and business associate, informed the chapter 7 trustee about these assets; he also apparently helped the chapter 7 trustee prosecute a fraudulent transfer action against William and the LLC. The LLC

---

[3] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

4

defaulted, but less than 24 hours before a default-related hearing, John sought to continue the hearing and to intervene. He asserted, as purported trustee, alleged rights of The 561 Brooks Avenue Trust Dated March 14, 2007 (the "Brooks Trust"). According to John, the Brooks Trust was formed to hold title to the Property for the benefit of William's sons. Kwasigroch represented John, as trustee of the Brooks Trust.

The bankruptcy court denied the motion to continue. The chapter 7 trustee opposed the intervention motion and argued that Bliss, not John, was the trustee. John argued to the contrary, but the bankruptcy court determined that John was not the trustee and that the Brooks Trust had no interest in the Property, denied the intervention motion, and entered a default judgment against the LLC that recovered the Property for the benefit of William's bankruptcy estate.

**The Brooks Trust litigation.** Undeterred by the default judgment in the fraudulent conveyance action, John, again as alleged trustee of the Brooks Trust, filed an adversary proceeding against the chapter 7 trustee and Bliss, in his capacity as alleged trustee of the Brooks Trust. He sought: (1) a declaration that John, not Bliss, was the trustee of the Brooks Trust; and (2) imposition of a trust on the Property for the benefit of the Brooks Trust. Kwasigroch again represented John, as alleged trustee of the Brooks Trust.

Bliss and the chapter 7 trustee filed motions to dismiss; John amended the complaint. Bliss then filed a motion to dismiss the amended complaint. Eventually, John filed a Rule 7041 notice of dismissal as to Bliss, and the bankruptcy court

5

finalized the matter by dismissing the amended complaint without leave to amend as to the chapter 7 trustee.

**The Rule 9011 motion.** Bliss then filed a motion seeking monetary sanctions against Kwasigroch under Rule 9011 (the "Rule 9011 Motion"). In relevant part, the Rule 9011 Motion argued: (1) the issues raised in the complaint had already been conclusively decided in the earlier litigation, so the claims were unwarranted, frivolous, and barred by res judicata; (2) the amended complaint alleged a new interest in the Property based on a January 2008 promissory note from Joe Davis (William's father-in-law), but those allegations were false and lacked evidentiary support, and Kwasigroch knew or should have known that they were false; and (3) Kwasigroch's conduct constituted a continuing pattern of bad faith and improper litigation tactics.

Kwasigroch voluntarily dismissed Bliss before the Rule 9011 Motion was filed, but he did so after Bliss provided a safe harbor notice and after the 21-day safe harbor period passed. Thus, the dismissal did not protect Kwasigroh from Rule 9011 sanctions if otherwise appropriate. Bliss sought $19,722.50 in sanctions.

Kwasigroch opposed. He emphasized that before he filed the complaints he met with Joe Davis and got his declaration and testimony in writing. He also consulted about his theory of the case with two experts, whose opinions concurred with his. He also argued that the documents allegedly undermining the Davis promissory note were obtained by Bliss after the complaint was filed and, in any event, simply showed that the evidence was in conflict — which would not mean that the complaint was

6

frivolous.

At the hearing, the bankruptcy court orally denied the Rule 9011 Motion. The bankruptcy court entered a separate order. Bliss appealed to the BAP.

**Bliss's motion for a Rule 8008 indicative ruling on a Civil Rule 60(b) reconsideration motion.** Litigation and drama did not abate while the appeal was pending. Bliss conducted discovery in the main bankruptcy case. At some point, William fled the country.

Bliss then filed a motion for an indicative ruling under Rule 8008 on a reconsideration motion under Civil Rule 60(b) (the "Reconsideration Motion"). Given allegedly newly discovered evidence, Bliss asked the bankruptcy court to reconsider the Rule 9011 Motion and also to allow him to add John as a party subject to the sanctions motion.

In particular, he referred to the following: a letter and emails from William's former attorney to William; a new declaration from Davis; and a part of William's loan modification application dated five days before his chapter 7 filing. He asserted that this evidence was suppressed by John, William, and Kwasigroch and argued that it showed that they knew or should have known that the material factual allegations in the adversary proceeding were false. Despite this actual knowledge, he urged, they continued to assert false allegations before the Ninth Circuit Court of Appeals. Bliss discovered the documents, he said, through Rule 2004 subpoenas on third parties; and he asserted that Civil Rule 60(b)(2) and (3) applied.

The bankruptcy court exercised its discretion and deferred ruling on the Reconsideration Motion until after the BAP decided the appeal.  See Fed. R. Bankr. P. 8008(a)(1).

**Our decision**.  In January 2016, we issued our decision.  In re Norrie, 2016 WL 373868.  We vacated the judgment as lacking complete findings and remanded for the bankruptcy court to make the requisite findings.  In particular, we wrote:

> Under Ninth Circuit standards, a bankruptcy court "must consider both frivolousness and improper purpose" when ruling on a motion for sanctions under Rule 9011.  Here, the bankruptcy court made no findings as to whether the Amended Complaint was filed for an improper purpose.  As to whether the Amended Complaint was frivolous, the bankruptcy court stated only "everything in this case is not frivolous," and "Yes, I disagreed with the pleadings and I've ruled accordingly.  But that doesn't make it frivolous."

Id. at *6.

Kwasigroch appealed to the Ninth Circuit, but the Ninth Circuit dismissed the appeal for lack of jurisdiction because our decision was not a final order.

**Proceedings on remand**.  Now that it had an appellate decision, the bankruptcy court set a hearing on the status of the remand and the Reconsideration Motion.

Appellees opposed the Reconsideration Motion.  They repeated Kwasigroch's argument that, even if there were evidence that undermined the complaint's material factual allegations, that would not rise to the level of frivolous or unwarranted in fact — for instance, although Davis later recanted his original declaration in a new declaration, Kwasigroch met with him three times and obtained his declaration before filing the complaint.  They also argued that the evidence was not "new."

8

They also requested costs, attorney fees, and sanctions of $7,425 against Bliss and his attorney. They argued that the bankruptcy court could sanction Bliss and his attorney under the local rules and its inherent authority and briefly asserted that the attempt to add John to the motion was particularly frivolous.

In his reply, Bliss argued, among other things, that the sanction request was spurious because his motion had merit.

The bankruptcy court heard the matter. The bankruptcy judge began by addressing the remand:

> Okay. As far as the -- I will prepare an order, they just -- the one that was remanded from the BAP, they just wanted me to talk about, I guess I was actually quite surprised, but I guess they wanted to make sure I knew what the law was. So that I'm not going to – I'll just prepare a further statement as to that. There's no need for either of you to say anything on that.

Hr'g Tr. (Mar. 28, 2017) 1:10-16. Later, the bankruptcy judge again addressed the remand:

> Yeah, I thought I had made it quite clear when you deny a motion you normally don't say anything other than anything that they haven't proven. And I thought that was sufficient. I've never seen that before. But I, you know, I will -- I will respond. But it was my intention to say now that I've read all the cases. I didn't think it was necessary, but I'll do it now since that's what they asked me to do. I'll just say that, yes, I'm quite aware of the rulings.

Id. at 20:17-25. At the end of the hearing, the bankruptcy judge said that he "will issue a separate ruling explaining to the BAP that I really meant what I said . . . ." Id. at 29:23-24. So the bankruptcy judge reiterated his intent to deny Bliss's Rule 9011 Motion in a separate written decision.

As for the Reconsideration Motion, the bankruptcy judge

9

found that the evidence was "not newly-discovered evidence." Id. at 26:17. And he also denied it on the merits because the newly-discovered evidence did not show that Kwasigroch actually knew, at the time he filed the complaint, that it was based on false factual allegations.

Next, the bankruptcy judge explained his reasoning, granted Kwasigroch's sanctions request against Bliss, and directed Appellees to submit proposed findings of fact and conclusions of law.

They did. The bankruptcy court altered the proposed findings of fact and conclusions of law by striking various words and lines before entering them. May 8, 2017 Findings of Fact and Conclusions of Law ("Mem Dec."). On the merits of the Reconsideration Motion, the bankruptcy court denied the motion and found, in relevant part:

- The motion "contained no new or recently discovered evidence" because it was all either known by Bliss or readily available through discovery processes. Id. at 6.
- "Neither in the moving or reply papers of Mr. Bliss, or at oral argument . . ., was Mr. Bliss's attorney, John C. Feely, able to articulate any evidence that Mr. Kwasigroch knew of any of the alleged 'new evidence' and information . . . ." Id. at 7-8.

As for Kwasigroch's sanctions request, the bankruptcy court awarded them. It found:

- "Mr. Bliss is being driven by . . . improper motives . . . ." Id. at 6.
- "[R]eferences . . . to the appeal before the Ninth Circuit

10

. . . is further evidence of Mr. Bliss's use of the within proceedings to retaliate against Mr. Kwasigroch . . . ." Id. at 7.[4]

- "Mr. Bliss . . . has cited to numerous irrelevant matters . . . for the obvious attempt to disparage or otherwise simply demean Mr. Kwasigroch for no legitimate purpose . . . ." Id.

- "Mr. Bliss is clearly driven by motives which are not proper in the within matter." Id.

- "As a veiled motion for reconsideration, the [Reconsideration Motion] . . . was unfounded in fact and frivolous." Id. at 8.

- "The request . . . to add John Norrie as a subject and respondent to the motion for sanctions[] was separately and distinctly unfounded and frivolous. This request . . . is further evidence of the motive of Mark Bliss . . . to use this motion for harassment . . . ." Id.

- "Under the totality of the facts presented . . ., the court finds that the motion of Bliss herein is not only unfounded and frivolous, but brought for the improper motives [sic] to harass [] Mr. Kwasigroch." Id. at 9.

The bankruptcy court entered a separate order denying the Reconsideration Motion and granting the sanctions request. Feely and Bliss timely appealed.

After granting Feely's motion to withdraw as counsel for

---

[4] Throughout the findings of fact and conclusions of law, the bankruptcy court struck all other references to "retaliate."

11

Bliss, we dismissed Feely from the appeal for lack of prosecution.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). Subject to the discussion below in Section B, we have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

Is the appeal moot?

Did the bankruptcy court abuse its discretion when it stated its intent to deny Bliss's Rule 9011 Motion and denied Bliss's Reconsideration Motion?

Did the bankruptcy court abuse its discretion in sanctioning Bliss?

**STANDARDS OF REVIEW**

We review mootness de novo. Wilson v. Lynch, 835 F.3d 1083, 1091 (9th Cir. 2016); Ellis v. Yu (In re Ellis), 523 B.R. 673, 677 (9th Cir. BAP 2014).

We review for an abuse of discretion a bankruptcy court's decision: to deny sanctions under Rule 9011, Classic Auto Refinishing, Inc. v. Marino (In re Marino), 37 F.3d 1354, 1358 (9th Cir. 1994); to award sanctions, Price v. Lehtinen (In re Lehtinen), 564 F.3d 1052, 1061 (9th Cir. 2009), abrogated on other grounds by Gugliuzza v. FTC (In re Gugliuzza), 852 F.3d 884, 898 (9th Cir. 2017); and to deny a reconsideration motion, Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir. 1998).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or

12

makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

This appeal ostensibly involves two sanctions decisions. First, Bliss appeals from the bankruptcy court's stated denial of his Rule 9011 Motion and the order denying his Reconsideration Motion. Second, Bliss appeals from the bankruptcy court's grant of Appellees' request for sanctions against him.

## A. The appeal is not moot.

Appellees argue that the appeal is equitably moot because the monetary award has been paid. They explain that John Feely, Bliss's former counsel, did not file a brief on appeal, which resulted "in his appeal being dismissed." They suggest that all the BAP "can do if it finds in favor of Mr. Bliss is create an indemnity cause of action for him against his former counsel."

There are two mootness doctrines to consider. First, constitutional mootness asks "whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in [appellant's] favor." Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012) (internal quotation marks omitted). Second, equitable mootness "occurs when a comprehensive change of circumstances has occurred so as to render it inequitable for this court to consider the merits

13

of the appeal." Id. (internal quotation marks omitted).  And the "party moving for dismissal on mootness grounds bears a heavy burden."  Id. (internal quotation marks omitted).

We disagree with Appellees.  Appellees, who bear the burden, have not shown that Feely was the source of funds.  More to the point, Appellees' argument gets things backwards.  If we reverse or vacate, we need not create an indemnity claim for Bliss and against Feely; instead, we would simply direct Appellees to return any funds that Bliss paid to Appellees.[5]  Nor have Appellees pointed to, much less argued about, a comprehensive change of circumstances that would make it inequitable for us to consider this appeal.[6]

The appeal is thus not moot.

**B.    The scope of the appeal is limited.**

As Bliss points out on appeal, the bankruptcy court has not yet entered further findings of fact and conclusions of law on remand, despite our clear direction to do so.  The order and

---

[5]  The adversary proceeding's docket includes the following entry: "Defendant Mark Bliss's notice of payment of sanctions to Michael D. Kwasigroch under reservation of rights."  In it, John Feely represents that Bliss paid the sanctions.  It also includes a copy of Bliss's personal check.

[6]  The Ninth Circuit has "set out four considerations to help determine whether an appeal is equitably moot . . . ." JPMCC 2007-C1 Grasslawn Lodging, LLC v. Transwest Resort Props., Inc. (In re Transwest Resort Props., Inc), 801 F.3d 1161, 1167 (9th Cir. 2015).  Appellees do not discuss any of them, even though Appellees are well aware of the relevant legal standard: before Appellees filed their brief in this appeal, the Ninth Circuit dismissed one of Norrie's appeals as equitably moot and discussed the relevant standard.  See Norrie v. Krasnoff (In re Norrie), 690 F. App'x 495, 495 (9th Cir. 2017).

related findings of fact and conclusions of law that were entered are titled as if they address only the Reconsideration Motion and Appellees' sanctions request. This affects the scope of the appeal.

We vacated the original Rule 9011 order and remanded for further findings of fact and conclusions of law. But after the status conference on remand, the bankruptcy court neither entered an order denying the Rule 9011 Motion nor issued findings. So there is no order to appeal directly resolving the Rule 9011 Motion.

On the other hand, the bankruptcy judge made oral statements that unambiguously indicated an intent to deny the Rule 9011 Motion. It is possible the bankruptcy judge intended the Reconsideration Motion order to constitute a final order on both motions. And the denial of the Reconsideration Motion and the related findings fully support this interpretation of the bankruptcy judge's intent. But the title of the order and the limited findings related to the Rule 9011 Motion suggest to the contrary. And if there is no order on the Rule 9011 Motion, the order on the Reconsideration Motion is interlocutory and the appeal would be premature.

In either event, however, the bankruptcy court entered an order that: (1) sanctioned Bliss; and (2) denied the Reconsideration Motion. And although the bankruptcy judge provided scant analysis of why he intended to deny the underlying Rule 9011 Motion, the bankruptcy judge clearly articulated why he was, in part, sanctioning Bliss: for bringing a frivolous Reconsideration Motion. He in turn clearly

15

explained why the Reconsideration Motion, in part, was frivolous: as a disguised Civil Rule 60(b) motion related to the original Rule 9011 Motion order, it did not provide any new evidence showing that Kwasigroch actually knew the allegations in the complaint were false.

So all three matters are linked, as the bankruptcy judge expressed the standard that he applied and would apply. That standard, as discussed below, was erroneous and not the standard that the original Panel directed the bankruptcy court to apply. Thus, any order resolving the Rule 9011 Motion consistent with the oral statements about it would be subject to reversal.

Given the state of the record and the absence of a crisp order denying the Rule 9011 Motion, we treat the resolution of the Reconsideration Motion as interlocutory. Cf. Green v. Waterfall Victoria Master Fund 2008-1 Grantor Tr. Series A (In re Green), BAP No. CC-11-1374-MkHHa, 2012 WL 4857552, at *5-*6 (9th Cir. BAP Oct. 15, 2012) (treating as interlocutory an order denying a motion for reconsideration entered before the order disposing of the underlying motion). But we review it for the limited purpose and to the extent it allows us to evaluate the sanction award, which we cannot evaluate in isolation.

In short, as we explain in the following section, the bankruptcy court articulated the wrong standard when it stated that it would deny the Rule 9011 Motion. It applied the same wrong standard when it evaluated the Reconsideration Motion. And until these motions are correctly addressed we cannot aptly evaluate the sanctions imposed against Bliss. Put bluntly, we are confident, given the overlap in subject matter between the

16

three issues, that this error permeated the bankruptcy court's entire reasoning.

**C.  The bankruptcy court based its decision on an erroneous legal standard.**

On appeal, Bliss argues that the bankruptcy court applied the wrong legal standard in connection with the Rule 9011 Motion and Reconsideration Motion by holding Kwasigroch to an "actual knowledge" standard instead of a "reasonable competent inquiry" standard.[7]  We agree.  A bankruptcy court "abuses its discretion if the court rests its decision on an erroneous legal standard." Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1123 (9th Cir. 2014).

At the hearing, the bankruptcy court repeatedly referred to the relevant inquiry as whether Kwasigroch actually knew about the information:

● "And secondly, even if it is newly-discovered evidence, . . . . I see nothing in your papers to show me that he knew any of that."  Hr'g Tr. 8:7-14.

● "I see nothing in here to show me that he actually knew of any of this."  Id. at 8:20-21.

● "But how can you with a straight face say that [what Kwasigroch did before the Ninth Circuit] has anything to do with your motion to give me new evidence of what he knew at the time that he filed the complaint?"  Id. at 9:18-20.

The bankruptcy court further reified this "actual knowledge"

_____

[7]  Bliss proceeded pro se on appeal, so we liberally construe his brief.  See Cruz v. Stein Strauss Trust # 1361 (In re Cruz), 516 B.R. 594, 604 (9th Cir. BAP 2014).

17

standard in its findings of fact and conclusions of law:

- "Neither in the moving or reply papers of Mr. Bliss, or at oral argument . . ., was Mr. Bliss's attorney, John C. Feely, able to articulate any evidence that Mr. Kwasigroch knew of any of the alleged 'new evidence' and information . . . ." Mem. Dec. at 7-8.

But "actual knowledge" is the wrong standard.[8] Attorney conduct is measured objectively against a reasonableness standard.[9]

---

[8] Now, Bliss is not entirely innocent, here. He argued in his Reconsideration Motion that his new evidence showed that Kwasigroch actually knew about the relevant facts. And Bliss's attorney, at oral argument before the bankruptcy court, emphasized that point. But neither Bliss nor his attorney confined their argument to actual knowledge; they insisted that even if Kwasigroch did not actually know, he should have known or was under a duty to investigate. E.g., Hr'g Tr. 10:16-17 ("And a reasonable inquiry into the facts would have been . . . ."); id. at 15:2-3 ("Because he had -- he had a duty to make a reasonable inquiry into the facts."); id. at 17:23-24 ("And opposing counsel had a duty to investigate and a duty to make a reasonable inquiry."). And this makes sense: if Kwasigroch actually knew that the complaint was based on false factual allegations, then the Rule 9011 inquiry would stop there – Bliss would not also need to show that a reasonable inquiry would reveal that the factual allegations were false.

[9] In addition, the bankruptcy court's exclusive focus on Kwasigroch's actual knowledge when he filed the complaint misses the point of Rule 9011's separate motion and safe harbor provisions. As the advisory committee notes for Civil Rule 11 explain:

If, during this [21-day] period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not

(continued...)

18

Even when confronted with an accurate recitation of the legal standard of a reasonable inquiry, the bankruptcy court persisted in applying the actual knowledge standard:

> MR. FEELY: Because -- because he could have -- because he could have done a reasonable inquiry into the facts of the case.
>
> THE COURT: He could have done a lot of things. The question is what did he actually know.

Hr'g Tr. at 15:21-25.

In short, the bankruptcy court stated the wrong legal standard in connection with Bliss's request for Rule 9011 sanctions. And the bankruptcy court's conclusion that the Reconsideration Motion was frivolous also relied on this erroneous legal standard. Hr'g Tr. at 27:9-18 ("This whole thing, it's clear to me that it was frivolous from day one. That is, the evidence does not . . . change in any way the information. . . . And it's clear, I'm focusing just on what [Kwasigroch] knew and when he knew it, there's nothing in those

---

[9](...continued)
be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendment. In short, the "purpose of the safe harbor . . . is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions." Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998).

19

papers.").

This is enough to vacate the award of sanctions.

In addition, if or when the bankruptcy court considers whether to reimpose a sanction on Bliss, the bankruptcy court must apply the same standard to both parties: in stating that it would deny Bliss's request to sanction Kwasigroch, the bankruptcy court considered what Kwasigroch actually knew when he filed the complaint; in sanctioning Bliss for bringing the Reconsideration Motion, the bankruptcy court concluded Bliss should have or could have discovered the documents that allegedly show what Kwasigroch actually knew.

**D.    The sanctions award contains other errors.**

When we examine the individual legal bases for the sanction, we find additional shortcomings in the bankruptcy court's findings.  The bankruptcy court sanctioned Bliss under its inherent power and for his violation of the Local Bankruptcy Rules.

**Inherent authority**.  Bankruptcy courts have inherent authority to sanction bad faith or willful misconduct.  In re Lehtinen, 564 F.3d at 1061; Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1196 (9th Cir. 2003); Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284 (9th Cir. 1996).  See Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.  That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial

20

process." (internal quotation marks and citations omitted)).

Before the bankruptcy court imposes sanctions under its inherent authority, it must find either bad faith, conduct tantamount to bad faith, or recklessness with an "additional factor such as frivolousness, harassment, or an improper purpose." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). The bankruptcy court "must make an explicit finding . . . ." Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997). The explicit finding is "especially critical when the court uses its inherent powers to engage in fee-shifting," as here. Id.

To support an inherent authority sanction, the bankruptcy court must find bad faith by Bliss. And the bankruptcy court made several such findings about Bliss's bad faith in bringing the motion. But the bankruptcy court's opinion of Bliss's motion was colored by an improper view of the relevant legal standard. So on remand, the bankruptcy court must re-evaluate Bliss's state of mind in bringing the motion.

We acknowledge that there is one finding of improper purpose that does not necessarily relate to the bankruptcy court's erroneous legal standard: the bankruptcy court found that Bliss's request to add John to the sanction request "was separately and distinctly unfounded and frivolous[]" and more evidence of Bliss's use of the motion for harassment. Mem. Dec. at 8. But based on the record on appeal, we cannot tell if this finding, standing alone, was sufficient to warrant either the entire amount of sanction or any sanction at all. Goodyear Tire & Rubber Co., 137 S. Ct. at 1186-88 (holding that the quantum of

21

a fee award must have a causal, but-for, relationship to the misconduct). Only one paragraph in the 17-page opposition discusses this point, and the summary evidence of fees and costs related to the opposition to the Reconsideration Motion does not support that all or any portion of the sanction relates to this argument. Thus, we cannot rely on this point for a determination that other error in relation to the sanctions award is harmless.

**Local rule violation.** A bankruptcy court has the power to sanction for violations of local rules. <u>Miranda v. S. Pac. Transp. Co.</u>, 710 F. 2d 516, 519 (9th Cir. 1983). This power derives from two sources: first, the court's inherent power, <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1478 (9th Cir. 1989); and, second, Congress's statutory delegation "to the Supreme Court [of] the power to make and enforce general bankruptcy rules[,]" <u>Pham v. Golden (In re Pham)</u>, 536 B.R. 424, 432 (9th Cir. BAP 2015); <u>see</u> <u>Zambrano</u>, 885 F.2d at 1478-79.

The "Supreme Court promulgated Rule 9029, which authorizes district courts, or bankruptcy courts with authority from the district courts, to adopt their own local bankruptcy rules." <u>Pham</u>, 536 B.R. at 432 (footnote omitted). But "this power is strictly limited." <u>Id.</u> A "local rule of bankruptcy procedure cannot be applied in a manner that conflicts with the federal rules." <u>Anwar v. Johnson</u>, 720 F.3d 1183, 1189 (9th Cir. 2013). Nor can a local bankruptcy rule "enlarge, abridge, or modify any substantive right." <u>Id.</u> (quoting <u>Sunahara v. Burchard (In re Sunahara)</u>, 326 B.R. 768, 782 (9th Cir. BAP 2005)). We review the validity of a local rule de novo. <u>Pham</u>, 536 B.R. at 430.

22

The bankruptcy court concluded that the Reconsideration Motion was "unfounded, frivolous, and an 'Unwarranted Motion' as defined under Local Bankruptcy Rule 9013-4(b)(3)(A)-(E), And 9011-3(c)." Mem. Dec. at 10. But the Local Bankruptcy Rules do not support the awarded sanctions.

Local Bankruptcy Rule 9013-4(b)(3) discusses the procedure for bringing a reconsideration motion, but it does not separately define what is an unfounded, frivolous, or unwarranted motion. For that, we look to Local Bankruptcy Rule 9011-3. Local Bankruptcy Rule 9011-3(a) states:

> The violation of, or failure to conform to, the FRBP or these rules may subject the offending party or counsel to penalties, including monetary sanctions, the imposition of costs and attorneys' fees payable to opposing counsel, and/or dismissal of the case or proceeding.

LBR 9011-3(a). And Local Bankruptcy Rule 9011-3(c)[10] addresses "penalties for unnecessary or unwarranted motion or opposition." LBR 9011-3(c). It states:

> The presentation to the court of an unnecessary motion . . ., which unduly delays the course of an action or proceeding, or failure to comply fully with these rules, subjects the offender and attorney at the discretion of the court to appropriate discipline, including the imposition of costs and the award of attorneys' fees to opposing counsel . . . and such other sanctions . . . as may appear proper to the court under the circumstances.

LBR 9011-3(c).

Local Bankruptcy Rule 9011-3(c) thus aligns most closely with the bankruptcy court's sanction. But Local Bankruptcy Rule

---

[10] Local Bankruptcy Rule 9011-3(b), which deals with a party's failure to appear or prepare, is not applicable.

9011-3(c) requires that the unnecessary motion "unduly delays the course of an action or proceeding." Id. The bankruptcy court made no such finding. Nor are we persuaded on this record that the Reconsideration Motion unduly delayed the action: the bankruptcy court had to address the matter on remand and the parties had to show up for the hearing. So to the extent the bankruptcy court sanctioned Bliss for violating Local Bankruptcy Rule 9011-3(c), on this record we must conclude that it misapplied that rule.

As for Local Bankruptcy Rule 9011-3(a), to the extent the bankruptcy court concluded that Bliss violated Rule 9011 by filing a "frivolous" motion, the sanctions must be consistent with Rule 9011. Pham, 536 B.R. at 432 ("To the extent LBR 9011-3 conflicts with Rule 9011 in authorizing sanctions for discovery violations, it is invalid."). Because Local Bankruptcy Rule 9011-3 cannot obviate either the separate motion or safe harbor requirements of Rule 9011(c)(1)(A) or the separate order to show cause requirement of Rule 9011(c)(1)(B), we assume the bankruptcy court did not sanction Bliss under it; to the extent it did, the bankruptcy court misapplied the rule. Here, the record does not indicate that Bliss received the required safe harbor notice, and it is clear that John and his attorney did not file a separate motion seeking sanctions.

**CONCLUSION**

Based on the foregoing, we VACATE the order and REMAND for further proceedings consistent with this decision.